## MERRILL *v.* SYPERT.

### Opinion delivered February 5, 1898.

1. PAROL EVIDENCE—WRITTEN INSTRUMENT.—Parol evidence is admissible to prove that a certificate of acknowledgment was executed on a date. other than that appearing on the face of it.   (Page 53.)

2. SAME.—Parol evidence is properly admitted to explain a note sued on, where it is incoherent and irregular in the order of its contents. (Page 53.)

3. PROMISSORY NOTE—TIME OF PAYMENT.—Where a promissory note provides that the time of payment shall be extended upon the happening of certain contingencies, but does not name the time of extension, the law will presume that the parties intended performance of the contract within a reasonable time thereafter.   (Page 53.)

Appeal from Howard Circuit Court.

WILL P. FEAZEL, Judge.

On December 20, 1892, Sypert brought suit against Merrill upon a note given by Merrill to Wright for the purchase of a mare, and assigned by Wright to Sypert, and an order was issued that the mare be taken from Merrill's possession, and held subject to the court's order.   Baker, Ramage & Co. gave bond, and intervened for the mare, claiming under a prior recorded mortgage given to them by Merrill.

Upon the trial of the interplea, it appeared that the mort—gage, relied upon by the interveners to establish their title, bore date as of December 20, 1892, but the certificate of acknowledgment bore date December 18, 1892.   The court refused to permit the mortgage to be read in evidence because the latter date was a Sunday, whereupon the interpleaders offered to prove that the acknowledgment was made on December 20, 1892, and that the certificate of acknowledgment by mistake was dated December, 18, 1892.   The court refused to admit such evidence, on the ground that the certificate could not be varied by parol evidence, and gave judgment against the interveners.

On the trial of the main action, the defense was made that

the note was not yet due, as by its terms the defendant was entitled to an extension of time. The note was written partly with pen and ink, and partly with a pencil. The form of the note is as follows, that part of the note written in pencil being italicised:

"Nashville, Ark., 2–13, 1892.

"On the 20th Nov. after date I promise to pay to the order of Levy Wright,
*If I should have any accident, sickness or failure*
. . . . . . . . . . . . . . . : . . . . . . Fifty-five Dollars,
Value received.
*in the crop, I am not bound to pay this note*
*at maturity, the time to be extended.*

J. A. MERRILL.

$55.00.
Test. M. C. McCRARY."

To sustain his defense, defendant introduced M. C. McCrary, who testified that he wrote the note, and that, as originally written, it was in words and figures as follows:

"No....                    NASHVILLE, ARK., 2–13, 1892.

On the 20th Nov. after date I promise to pay to the order of Levy Wright,
. . . . . . . . . . . . . . . . . Fifty-five Dollars,
Value received.
$55.00.            Due . . . . . . . . . ";

that it was presented by Wright to Merrill for his signature; that he refused to sign the same; and that witness, by request of the parties, amended the note in pencil, so as to meet Merrill's objections, which amendments made the note read as it now appears. It was at the time distinctly understood and agreed by and between Wright and Merrill that, in the event of sickness in the family of Merrill, or accident, or failure of his crops, said note would not mature until one year later. Witness further testified that there had been sickness in Merrill's family, and a failure of his crops, so that his entire crop of cotton and corn was not sufficient to pay the note.

Thereupon the court declared the law to be that as the note in suit bore no definite date to which the time of payment was to be extended upon the happening of any of the contin-

gencies provided for therein, the conditions were void, and the note matured November 20, 1892. Judgment was rendered against the defendant for the amount of the note.

The defendant and the interveners have appealed.

*D. B. Sain* and *Williams & Arnold*, for appellants.

An acknowledgment taken on Sunday is valid. 85 Tenn. 355. The date of an instrument is only *prima facie* evidence of the true date, and the date can be contradicted by parol evidence. 14 Ark. 29; 62 Wis. 380; 22 N. W. 140; 61 Ark. 104; 130 Mass. 355; 51 Cal. 172; 1 Greenl. Ev. (14 Ed.) § 284 note; 38 Mich. 316; 21 S. E. 439; 84 Ala. 313; 30 Wis. 544; 38 Ark. 377; 37 Ark. 148; 53 Am. Dec. 436; 5 Am. & Eng. Enc. Law, p. 79; 7 *ib.* 91; 11 Ala. 147; 17 Am. & Eng. Enc. Law, 453. This does not contravene the rule against admission of parol to vary written evidence. 1 Greenl. Ev. (14 Ed.) § 282; 21 So. 488.

WOOD, J. 1. Parol evidence is admissible to prove that a certificate of acknowledgment was executed on a date other than that appearing on the face of it, without contravening the rule "that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a written instrument." The *factum* of the acknowledgment is not questioned, and the rejected proof was to show the true date, of which the date it bore was only *prima facie* evidence. *Hall* v. *Cazenove*, 4 East, 477; *Jayne* v. *Hughes*, 10 Exch. 430; *Randfield* v. *Randfield*, 6 Jur. (N. S.) 901; *Reffell* v. *Reffell*, 12 Jur. (N. S.) 910; *Gately* v. *Irvine*, 51 Cal. 172; *Shaughnessey* v. *Lewis*, 130 Mass. 355; 1 Greenl. Ev. § 284, note D; 5 Am. & Eng. Enc. Law, 79; 7 Am. & Eng. Enc. Law, 91. See also *Fisher* v. *Butcher*, 53 Am. Dec. 436; *Meech* v. *Fowler*, 14 Ark. 29; *Holt* v. *Moore*, 37 Ark. 148; *Smith* v. *Scarborough*, 61 Ark. 104.

2. The instrument sued on was incoherent and irregular in the order of its contents, as well as unusual in the manner in which it was written. Parol proof was properly admitted in explanation thereof, as same did not tend to contradict or vary the written contents. 1 Greenl. Ev. § 282.

This proof, as well as the writing itself, showed that, upon the happening of certain contingencies, the time for payment

therein expressed was to be extended, though the time of such extension was not named in the instrument. Time was not of the essence of this contract. As no time was stipulated for its performance, the law will presume, upon the happening of the events provided for, that the parties intended performance of the contract within a reasonable time thereafter. What such reasonable time is will depend upon the facts and circumstances surrounding the parties and influencing their conduct in entering upon the contract, as well as upon the nature and extent of the contract itself. *Griffin* v. *Ogletree*, 21 So. Rep. 488. The rulings of the learned trial court did not accord with these principles. Its judgment is therefore reversed, and the cause is remanded for new trial.