## EWERT v. BECK.[*]

### (Circuit Court of Appeals, Eighth Circuit. July 5, 1916.)

### No. 4546.

1. TRIAL ☞143—DIRECTION OF VERDICT—POWER OF COURT.

It is the duty of the court to direct a verdict even though the evidence may be conflicting if the evidence on behalf of one party is of so conclusive a character that the court in the exercise of a sound discretion, would set aside a verdict for the adverse party.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ☞143.]

2. VENDOR AND PURCHASER ☞231(14)—CONSTRUCTIVE NOTICE—EFFECT OF MISTAKE IN INSTRUMENT.

That an instrument affecting title to land through mistake was dated on Sunday, which under the state law would render it void, did not change the effect of the record as constructive notice, where it was in fact executed on a week day.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 538, 539; Dec. Dig. ☞231(14).]

In Error to the District Court of the United States for the Eastern District of Oklahoma.

Action at law by Paul A. Ewert against G. W. Beck. Judgment for defendant, and plaintiff brings error. Affirmed.

Paul A. Ewert, of Joplin, Mo., in pro. per.

W. H. Kornegay, of Vinita, Okl. (Judson, Green & Henry, of St. Louis, Mo., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The plaintiff in error, hereafter called plaintiff, brought an action in ejectment against defendant in error, hereafter called defendant, claiming right of possession under an instrument called a mining lease, executed to him by an Indian allottee of the land. The defendant's claim of title was based on a similar instrument executed to him by the same grantor.

Plaintiff's lease was executed on July 26, 1913, while the lease to

defendant bore date of August 18, 1912, and was filed for record on the following day. The plaintiff's lease contained a clause that certain covenants of plaintiff should not be binding upon the plaintiff "until the expiration of all prior lawful leases that may be found to exist upon said land." At the trial there was evidence that defendant's lease was signed and delivered in Kansas, but plaintiff contended that its validity depended upon the laws of Oklahoma, as it referred to land in Oklahoma and its covenants were to be performed there, and under the laws of that state it was void because it was executed on Sunday.

A verdict was directed for the defendant, and the propriety of that action is challenged, and it is claimed there was such evidence as to the execution of the lease on Sunday as to present an issue of fact for the jury. The defendant, the notary who took the acknowledgment of the lease, the attesting witness thereon, and defendant's brother, each testified to having been present at the time of the execution of the lease, and each clearly and circumstantially stated that it was executed and delivered by the lessee to the lessor at Baxter Springs, Kan., on Saturday, the day preceding the purported date. The defendant produced the bank check which he gave to the lessor in payment of the consideration and verified its date, which was on this Saturday. A clerk in a bank at Baxter Springs also verified the fact that the check was presented at the bank by the lessor on this Saturday and was then paid, and that it was forwarded to its correspondent bank for collection on the same day and so entered on the remittance register.

In addition to this testimony, the lessor testified that the transaction occurred on Saturday; but on cross-examination, and in response to leading questions as to whether defendant did not get the lease from him in Oklahoma, and on Sunday, replied in the affirmative. He also admitted that he had made similar admissions to plaintiff, and a written statement, which had been dictated by plaintiff to his stenographer, read over to the grantor, and signed by him, by mark, was introduced. The stenographer testified that the lessor had sworn to the truth of that statement. It also recited that the lease was executed and delivered on Sunday and in the state of Oklahoma. It is quite apparent, from the record of the examination of this Indian lessor, that he was ignorant, dull, and confused, and the trial court's remark at the close of his testimony, that there was not much certainty to be secured from that witness' testimony, and that he doubted very seriously whether he understood the questions put to him, was amply justified.

[1] In this condition of the evidence, the trial court properly withdrew this issue from the jury. It is its duty to direct a verdict, even in cases in which the evidence may be conflicting, if the evidence on behalf of one party is of so conclusive a character that the court, in the exercise of a sound judicial discretion, would set aside a verdict for the opposing party. Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 659, 21 Sup. Ct. 275, 45 L. Ed. 361; Canadian Northern Ry. Co. v. Senske, 201 Fed. 637, 644, 120 C. C. A. 65; Haskell v.

Columbus Savings & Trust Co., 207 Fed. 322–326, 125 C. C. A. 72; Robinson v. Denver City Tramway Co., 164 Fed. 174, 177, 90 C. C. A. 160. The presumption of the date of execution, arising from the apparent date of the lease, was overcome as a matter of law, when the evidence to the contrary became so conclusive that an opposite finding was not sustainable. Woodward v. Chicago, M. & St. P. Ry. Co., 145 Fed. 577, 580, 75 C. C. A. 591.

[2] It is insisted that the record of the lease to defendant was not notice to plaintiff, because it was the record of an instrument which was void on its face. If the lease was void, it was because it was in fact executed and delivered on Sunday, and not because it mistakenly appeared to have been executed on that day. The date was not a material part of the lease, and the error in the date would not avoid it. Lamore v. Frisbie, 42 Mich. 186, 3 N. W. 910; Merrill v. Sypert, 65 Ark. 51, 44 S. W. 462; Saunders v. Hartwell, 61 Tex. 679; Durfee v. Grinnell, 69 Ill. 371; Hoit v. Russell, 56 N. H. 559.

There is a further objection to the court's action in. allowing the defendant to show a mistake in the date of his lease, because his answer contained only a general denial; but the court did not err, for section 4929 of the Revised Laws of Oklahoma of 1910, relating to actions of ejectment, provides as follows:

"It shall be sufficient in such action, if the defendant in his answer deny, generally, the title alleged in the petition, or that he withholds the possession as the case may be, but if he deny the title of the plaintiff, possession by the defendant shall be taken as admitted. Where he does not defend for the whole premises the answer shall describe the particular part of which defense is made."

There was no error in the trial of the case, and the judgment must be affirmed.