## ST. LOUIS-SAN FRANCISCO RY. CO. v. BAEHLER.

Circuit Court of Appeals, Eighth Circuit. April 27, 1928.

No. 7728.

1. **Railroads** ⊚=350(3)—**Negligence of railroad in maintenance of crossing rendering it liable for death of motorist held insufficient for jury (Comp. St. Okl. 1921, § 5533).**

In action against railroad for death of motorist, based on alleged negligence in maintaining crossing, on ground that it was not maintained of the width of the highway, proper evidence that crossing was in compliance with Comp. St. Okl. 1921, § 5533, in that it was unobstructed and maintained in good condition, and that crossing was within rule of reason as to what ordinary country railroad crossing might be, *held* to render erroneous refusal of defendant's motion for directed verdict on ground that no negligence of defendant had been shown.

2. **Trial** ⊚=139(1), 141—**Court should direct verdict where evidence is undisputed or so conclusive that verdict in opposition to it would be set aside by court.**

It is duty of trial court to direct verdict at close of the evidence in cases in which the evidence is undisputed and in cases in which evidence is conflicting but of so conclusive character that court, in exercise of a sound judicial discretion, would set aside verdict in opposition to it.

· In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action by Mrs. Ada H. Baehler against the St. Louis-San·Francisco Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to grant new trial.

Ben Franklin, of Oklahoma City, Okl. (E. T. Miller, of St. Louis, Mo., and Cruce & Franklin, of Oklahoma City, Okl., on the brief), for plaintiff in error.

Raymond A. Tolbert, of Oklahoma City, Okl., and Irving D. Ross, of Newkirk, Okl. (Embry, Johnson & Tolbert, of Oklahoma City, Okl., and Sargent & Ross, of Newkirk, Okl., on the brief), for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. The defendant in error, plaintiff in the court below, brought this suit as the surviving widow of one E. J. Baehler, under the laws of the state of Oklahoma, for the benefit of herself and minor children against the plaintiff in error, defendant in the court below, for damages growing out of the death of the husband and father at a railroad crossing because of the alleged negligence of the railway company in maintaining such crossing. The defenses were general denial and contributory negligence. In the court below the jury returned a verdict of $3,500 in favor of the plaintiff, a judgment was entered thereon, and the railway company brings the case here by petition in error.

The record discloses substantially the following facts surrounding the accident: The railway company maintained a line of railroad through Kaw county, and at the point where the accident occurred in open country it ran in a northeasterly and southwesterly direction, being crossed by a public highway running approximately due east and west. The generally maintained width of the highway was about 30 feet until near the approach on either side toward the railway track (the exact distance being in dispute) where it angled to the northerly side of the highway and there crossed the railroad track. Drainage ditches were maintained on either side of the railroad track, and at a point some 12 feet from the center of the railroad track culverts were inserted 20 feet in length to permit the unobstructed passage of the drainage water, and these culverts covered with earth, with the exception of a slight portion at either end. At the crossing proper, planks 12 feet in length were laid on either side of both rails, and the surface at the approaches and between the rails was graded in such a way as to make a reasonably smooth crossing. The deceased had resided for a period of some years at a distance of about three-quarters of a mile west of this crossing, was generally familiar with it, and in traveling to Newkirk, a town of some considerable municipal proportions in that vicinity, 8 or 9 miles distant from his home, the usually traveled route was along the highway intersecting the crossing at the point where the accident occurred. On the 9th of February, 1925, the day upon which the deceased met his death, he was operating a thresher on the east of the railroad track and some 8 or 9 miles distant from it. Threshing operations had continued until dark that evening, after which the men so engaged, including the deceased, had partaken of supper. The deceased thereupon spoke of driving to his home in his Ford car, and stated that he

would wait until the moon came up because he had no lights on his automobile. The farmer for whom the threshing was being done advised the deceased against this, and invited him to remain during the night, but that thereafter, and about 9 o'clock, the deceased left that place in his automobile, driving without lights. This is apparently the last time that he was seen alive. His lifeless body was found by passers-by near the railroad crossing about one hour and three-quarters later. The physical evidences disclosed at the place of the accident were that his car had left the generally traveled path of the highway near where it began to curve toward the crossing at the west approach; that the left wheels of his car had passed over the small portion of the culvert not covered by dirt; that the car had vaulted both rails of the railroad track, and, striking the ditch on the east side, had turned completely over, and, again righting itself, was found facing in a northeasterly direction. The body of the deceased was found lying a few feet distant from the car. When found, the car was able to be taken away on its own power, and, after a manipulation of some of the ignition wires, it was possible to produce a light in one of its headlights.

At the close of plaintiff's evidence, the defendant demurred to the evidence upon the ground that it was not sufficient to sustain the charge of negligence, which demurrer was overruled by the court, and at the close of all the evidence in the case the defendant moved for a directed verdict upon the ground that no negligence of the defendant had been shown, and that, in addition, the evidence showed contributory negligence on the part of the deceased. This motion was likewise overruled by the court, and the case submitted to the jury, with the result above indicated.

There are but two questions presented for consideration of the court here under the assignments of error: First, Did the plaintiff make out a case of primary negligence chargeable to the defendant? and, second, if so, was such contributory negligence established on the part of the deceased as in law to defeat plaintiff's recovery?

[1] The charge of negligence against the railway company and to which proofs of plaintiff were directed is that it carelessly and negligently maintained the crossing in question. The law of Oklahoma as found in section 5533, Compiled Statutes of Oklahoma 1921, provides:

"It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad, within this state, to construct a crossing across that portion of its track, roadbed or right of way over which any public highway may run, and maintain the same unobstructed, in a good condition for the use of the public, and to build and maintain in good condition all bridges and culverts that may be necessary on its right of way at such crossing."

By this provision it will be observed that it is incumbent upon a railroad company to maintain its crossing of a public highway so that the same is "unobstructed" and in a "good condition," and likewise bridges and culverts adjacent to such crossings. There seems to be no evidence in the record which justifies any complaint of the condition of the crossing or culverts as they were then and there physically constructed and maintained, as all the evidence, including photographs taken immediately after the accident, shows that the crossing was reasonably smooth and was unobstructed as to view for a considerable distance upon both east and west highway approaches. The contention of counsel for the defendant in error is thereby narrowed to the point that the railway company was negligent in not maintaining a crossing of the width of the highway proper. No authorities which seem to us in point are presented to sustain this theory in regard to a railroad crossing in the rural districts and under conditions which appear in this case. There are cases, some of which have been cited, which apply to crossings within municipal limits, but these cannot be considered as being in point here. Other cases cited are those in which there was either a defect in the construction of the crossing itself, or where there were holes not ordinarily observable by the traveler and obstructed by weeds, or some other features present which went to the point of causing the crossing as it was constructed to be condemned, but counsel have given us no citation applying to a country railroad crossing, where the mere fact that the crossing proper is not equal in width with the generally maintained adjacent portions of the highway has been held to constitute an improper or unsafe railroad crossing. The record discloses that the jury in its deliberations sought additional instructions upon this point, and, through a discussion of counsel in the presence of the jury, it was remarked by one of the plaintiff's counsel that a crossing "would have to be reasonably adequate to public travel." Our own experience teaches us, through use of the public highways, that at the crossing of railroad tracks the traveled portions of highways are

usually narrowed to some extent in country districts. But more important here is the fact, clearly established by the evidence, that any one driving an automobile in the daytime or at night with proper lights would have absolutely no difficulty in negotiating this crossing by following the well-defined course of the traffic which the evidence showed had been established for many years at this point. There was no obstruction which obscured the view, no unsafe condition of the culverts or the crossing itself, which was properly planked and graded and of adequate width to accommodate the ordinary traffic in that district. Certainly such a crossing was clearly within the scope of the Oklahoma statute, in that it was unobstructed and maintained in good condition, and also within the rule of reason as to what the ordinary country railroad crossing might be.

[2] In our opinion the plaintiff failed to sustain the burden placed upon her in proving negligence on the part of the defendant railroad. The rule in regard to directed verdicts, announced by our court in the case of Atchison, T. & S. F. R. Co. v. Wyer (C. C. A. 8) 8 F.(2d) 30, at page 32, is as follows:

"It is the duty of the trial court to direct a verdict at the close of the evidence in two classes of cases: (1) That class in which the evidence is undisputed; and (2) that class in which the evidence is conflicting, but is of so conclusive a character that the court, in the exercise of a sound judicial discretion, would set aside a verdict in opposition to it. Small Co. v. Lamborn, 267 U. S. 248, 45 S. Ct. 30 [300] 69 L. Ed. 589 [597]; Ewert v. Beck, 235 F. 513, 149 C. C. A. 59; Fricke v. International Harvester Co., 247 F. 869, 871, 160 C. C. A. 91; New Amsterdam Casualty Co. v. Farmers' Co-op. Union of Lyons, Kan. (C. C. A.) 2 F.(2d) 214; Walton Trust Co. v. Taylor (C. C. A.) 2 F.(2d) 342; Kintyre Farmers' Co-op. Elevator Co. v. Midland National Bank (C. C. A.) 2 F.(2d) 348."

In these circumstances we feel that the trial court committed error in not sustaining the demurrer of defendant to plaintiff's evidence, and in any event in not directing a verdict for the defendant at the close of all the evidence in the case.

The other point relates to the question of contributory negligence. There is undoubtedly established by the testimony under the rule in the federal courts a clear case of contributory negligence on the part of the deceased, because the conditions surrounding the accident show that he must have been driving at considerable speed in order for the accident to have happened in the way it did,

and that he did not have his car under control, as well as the strongest kind of evidence that he was driving without lights. However, considering the peculiar provision of the Oklahoma Constitution, that the defense of contributory negligence or assumption of risk shall in all cases whatsoever be a question of fact and left to the jury, together with the fact that our court has not decided the question as to whether or not this rule is binding upon the federal courts in the trial of cases of this character arising in Oklahoma, we think it unnecessary to discuss this phase of the case further, as to whether or not the trial court committed error in not sustaining the motion for a directed verdict upon the ground of contributory negligence shown.

For the reasons stated in the point first discussed, the case will be reversed and remanded, with directions to grant a new trial.