MISSOURI PACIFIC RAILROAD COMPANY, THOMPSON, TRUSTEE
v. EVANS.

4-7102                                              173 S. W. 2d 1019

Opinion delivered June 21, 1943.

*Henry Donham* and *E. W. Moorhead,* for appellant.

*L. B. Smead* and *Lawrence E. Wilson,* for appellee.

McHANEY, J. Appellees recovered judgments against appellant for damages to land and crops by reason of overflows from the Little Missouri river, caused by cutting ditches through the high banks of the river, along both sides of the railroad, as follows:

J. E. Evans ............$650 to land
J. W. Hesterly ........ 400 "    "
Allen Green ............. 400 "    "    and $400 to crops
Mrs. H. C. Lochlar 150 "    "
H. Peterson ............. 150 "    "
Garland Nichols ....................................................42 for rent

It is undisputed that when the river gets about two-thirds full, the water from the river runs out through appellant's ditches until it reaches a slough which it follows through the low bottom land, over which it spreads out, and finally back into the river beyond the lands of appellees, and, in doing so, overflows and damages their lands and crops. Similar suits were brought against appellant by these same appellees prior to these actions. In that case, appellee Evans recovered a judgment against appellant for $700. Thereafter, on November 29, 1941, appellant and appellees, including Evans, entered into a written settlement agreement whereby Evans was paid the amount of his judgment and all other claimants were paid certain amounts in satisfaction of all present and future damages because of said ditches, and in which agreement appellant bound itself as follows: ".  .  . and it is further agreed that said trustee will build a dam

in each ditch on each side of the railroad track on the south bank of the Little Missouri River in Ouachita county, Arkansas, so as to prevent water from running out of the river alongside of the railroad track, said dams to be built within a reasonable length of time, and the railroad engineers are to be the sole judge of the type and kind and the way the dams should be built.'' It was further provided that, in consideration of the payment ''and the building of said dams,'' the claimants did thereby release appellant from all claims ''which he has had in the past, now has or may hereafter have'' because of water flowing in or out of the river through said ditches.

To reverse these judgments appellant makes several contentions. As to the suit of appellee Evans, appellant pleaded the former judgment as *res judicata* in bar of the present action. As stated above, the former suit of Evans went to judgment, the judgment was paid and the record satisfied. It was stipulated that the parties were the same, the same action to recover damage to the same land, and caused by overflow from the same ditches. Appellant cites and relies on the recent case of *Mo. Pac. Rd. Co.* v. *McGuire,* 205 Ark. 658, 169 S. W. 2d 872, but we think that case not controlling here, because of the contract here made to build the dams in the ditches to prevent a recurrence of the overflows through that source. This agreement was made with Evans just as it was with the other appellees, and we think his present cause of action was based on the alleged breach of the recited agreement to build the dams.

It is next argued that appellant made a diligent effort to build the dams within a reasonable length of time and that it was prevented from so doing first by the acts of God, in that an unusual number of floods in the river interfered; second, by unusual World War conditions; and third, that the dams were built and were washed away.

It is true that the testimony shows an unusual number of high water conditions existing in the river in the winter, spring and summer of 1942. Even so, there is

substantial evidence that the dams could have been built between rises, in time to permit appellees who are farmers to prepare and plant their land in crops in the spring. It appears to us that the contract, while providing for a reasonable time, contemplated that the dams should be built before the next crop season because each in terms released appellant for future liability for damages, which we assume they would not have done had they known the dams would not be promptly built. The construction of these dams was a small job. The ditches were narrow and not very deep, one 20 to 30 ft. wide, 5 ft. deep and the other 12 to 15 ft. wide and 10 ft. deep —just the ordinary ditches alongside the tracks—and could have been completed in a few days. It is also said that the declaration of war shortly after December 7, 1941, created an unusual condition by placing upon appellant greatly increased demands for service, sufficient to excuse it. Also that it attempted to build the dams, but was prevented by high water and that it actually built them only to have them washed away by the high water. All these matters were submitted to the jury in instructions not here complained of, and we think the question whether appellant was diligent in the premises was one for the jury. We cannot say as a matter of law that appellant acted in a reasonable time. What is a reasonable time, said Judge Wood in *Merril* v. *Sypert*, 65 Ark. 51, 44 S. W. 462, "will depend upon the facts and circumstances surrounding the parties and influencing their conduct in entering upon the contract, as well as the nature and extent of the contract itself." By entering into this contract and settling the claims of numerous landowners, appellant admitted that said ditches caused damage to appellees, and, unless damned up, would continue to cause them damage. The contract released appellant for future damage, but required it to construct the dams within a reasonable time, which would be within such time as would prevent future damage to them.

Two other arguments are made by appellant, that the verdicts were based on speculation and conjecture,

and that they are excessive. We cannot agree with either contention and think it would serve no useful purpose to discuss them.

The judgments are accordingly affirmed.