WOLFF *v*. NATIONAL LIBERTY INSURANCE COMPANY.

4-3903

Opinion delivered June 17, 1935.

*Sam M. Levine* and *Frauenthal & Johnson,* for appellant.

*Verne McMillen,* for appellees.

BUTLER, J. Appellant, Leo Wolff, is a merchant engaged in business in the town of McGehee, Arkansas. His

place of business was located in a building known as the Graystone Hotel Building, his merchandise being stored in two rooms therein. The building was situated in block 51 of the town of McGehee. A part of the building was constructed prior to 1925, and in that year it was extended toward the north by the construction of an "annex" or addition thereto. The original building with the annex was so built as to constitute one building:. In a room at the southeast corner of the building fronting on what is known as Railroad Street appellant maintained his store proper, from which he sold merchandise at retail to his customers. The building faced Railroad Street, and the front extended to the north. Next to said room, in the southeast corner of the hotel, was the lobby; then there was a coffee shop, and immediately north of that was a barber shop, at the rear of which was the hotel kitchen. At the far end of this kitchen was a little jewelry store facing on another street, and just beyond that was the room where the appellant stored the greater amount of his merchandise to be used as occasion required. This last-mentioned room was in that part of the building which was annexed to the original hotel building in 1925. Appellant kept about $12,000 worth of merchandise in said southeast corner store room and about $60,000 worth in the room situated in the annex.

In McGehee, which is a comparatively small town, the names of its streets are not generally known, and the houses are not numbered. The buildings are known by some specific name or by the name of the owner or the occupant. None of the store rooms in the Graystone Hotel Building had any street numbers or were known by any number except on a map prepared especially for the use of insurance companies. Appellant maintained a single business, keeping but one set of books and one inventory, with his merchandise stored as heretofore stated.

A fire occurred in the Graystone Hotel Building, totally destroying the merchandise in the annex and damaging that contained in the southeast corner room used by appellant. Appellee, National Liberty Insurance Company of America, prior to this fire, had issued its

policy insuring the appellant against loss or damage by fire. It denied liability for any loss or damage to the goods stored in the room in the annex, which on its map is designated as No. 109, and asserted that the coverage only extended to the merchandise in the retail store room proper, which on its map is designated as "No. 101 North Railroad Street, block 51, original town of McGehee, Arkansas, map No. 2, serial No. 6115."

Appellant brought this suit to recover the face of the policy in the sum of $2,500. The appellee answered, admitting the value of the merchandise, the destruction by fire of all the merchandise in the warehouse and the damage to the merchandise in the "retail store," but setting up as a defense the coverage clause of the policy, contending that it did not insure the merchandise in any place except the retail store. A demurrer to the answer was interposed on the ground that it did not state facts sufficient to constitute a defense to the complaint, with a prayer that the said answer be stricken from the record, and that recovery be adjudged on the prayer of the complaint. The demurrer was overruled, whereupon appellant and appellee introduced a number of witnesses. At the conclusion of the testimony, the court instructed the jury to return a verdict of $152.08 in favor of the appellant, the admitted *pro rata* damage to the merchandise contained in the "retail store." A verdict for said sum was accordingly returned by the jury, and a judgment for said amount made and entered, from which comes this appeal.

The coverage clause in the policy is as follows: "$2,500 on stock of merchandise, consisting principally of dry goods, ready-to-wear, boots and shoes and including all merchandise owned by the insured or held in trust or on commission, or consignment, or sold but not removed, for which the insured may be legally liable.

"All while contained in the two-story approved composition roof, brick building, and additions thereto, and while on sidewalks and platforms adjacent to said building, and while loaded on cars, trucks and wagons within 100 feet thereof, and situated No. 101 North Railroad

Street, lot ........., block 51, original town addition to the city of McGehee, Arkansas, map No. 2, serial No. 6115."

It was in evidence on behalf of appellee that the map referred to in the policy was what is known as "Sanborn's Insurance Map" of the town of McGehee, which is compiled for the benefit of insurance companies and agents who write insurance. This map shows the "retail store" as No. 101 North Railroad Street, and that the warehouse is No. 109 on said map; that the rate of insurance on No. 101 is less than that on No. 109, and that where both locations are included in a policy the higher rate would be charged; that the rate actually charged was that governing the location No. 101. The agent who wrote the policy testified that it was not his intention to write the policy so as to insure the merchandise contained in location No. 109. He further testified that he supposed the retail store and the warehouse were two separate businesses, and that appellant was keeping two sets of books.

There was a conflict in the evidence as to whether or not the agent, before the delivery of the policy, was apprised of the fact that it was appellant's purpose in securing the insurance to have it cover all the merchandise in the Graystone Hotel Building. We think the rate charged, what the parties to the contract might have intended the effect of the policy to be, and the evidence relating to these matters is immaterial, for, as we construe the coverage clause in the policy, there is no ambiguity, and the intention of the parties must be determined from its language.

The appellee bases its contention that the coverage was limited to the merchandise in the retail store on that part of the foregoing "coverage clause" which describes the property insured as "situated No. 101 North Railroad Street, lot ........., block 51, original town addition to the city of McGehee, Arkansas, map page No. 2, serial No. 6115," and cites the case of *Bumpas* v. *American Central Ins. Co.*, 79 Atl. 848, in support thereof. In that case the property insured was "a building known on the map as Thurston's Saw & Planing Mill." It was established that the map referred to was a section of "San-

born's Map," which gave the location of buildings, and was made for the use of fire insurance companies and their agents. The insured had two one-story steel-roofed buildings, and both were used for various mill purposes. One of the buildings was destroyed by fire, and the only question before the court was, which of the two mill buildings was covered by the policy? The building which was burned was not described on Sanborn's map, and was not covered by the policy because the descriptive clause, as given by the map, made certain the identical building intended to be insured and rendered the coverage clause unambiguous. There is, however, a marked dissimilarity between the coverage clause involved in the case cited and that in the case at bar. The clause under consideration does not limit the insurance to the merchandise contained in No. 101 as contended by the appellee, but insures "all merchandise owned by the insured * * * while contained in the two-story, approved composition roof, brick building and additions thereto." The concluding phrase, "situated No. 101 North Railroad Street, etc.," does not limit and subtract from the coverage before recited, but is for the purpose of indicating the particular building above referred to as "a two-story * * * brick building." There is no doubt in our minds but that when a merchant in a town like McGehee applies for and receives a policy insuring him against loss or damage by fire of "all merchandise" owned by him while contained in a certain building and additions thereto, he would have a right to, and would, believe that the policy meant what it said, and that the phrase, "situated No. 101," etc., could have no other purpose than to designate the building containing his merchandise.

There is some basis for the construction placed by the appellee on the provisions of the policy quoted, but, to say the least, the construction we have placed upon them is as reasonable as that contended for by it. Under well-settled principles, where the provisions of a policy are susceptible of two equally reasonable constructions, one favorable to the insurer and the other to the insured, the latter will be adopted. This is because the language is chosen by the insurer with the aid of experts employed

for the purpose of writing the policy, and the insured has no voice in the matter. Therefore, where either of two constructions may be adopted, it is fair that that which will sustain the claim and cover the loss will be chosen. See *Travelers' Protective Ass'n* v. *Stephens,* 185 Ark. 660, 49 S. W. (2d) 364, and cases there cited. The conclusion we have reached is supported by the doctrine announced in 3 Couch, Cyc. of Ins., p. 2437, § 747a, note 42, and the cases of *German A. F. Ins. Co.* v. *Messenger,* 25 Colo. App. 153, 136 Pac. 478; *West* v. *Old Col. Ins. Co.,* 9 Allen (Mass.) 316; and *Fair* v. *Manhattan Ins. Co.,* 112 Mass. 320. See also note C to 33 L. R. A. (N. S.) 156.

We have examined the case of *Old Col. Ins. Co.* v. *Berryman Realty Co.,* 193 Ky. 7, 234 S. W. 748, and other cases cited by the appellee, but find in them nothing in conflict with the views we have expressed.

We conclude that the trial court erred in overruling the demurrer to the appellee's answer, and its judgment should be reversed, and the cause remanded for further proceedings according to law and not inconsistent with this opinion.