FIREMEN'S INSURANCE COMPANY OF
NEWARK, N. J. v. MOTLEY.

5-269                                    264 S. W. 2d 418

Opinion delivered January 25, 1954.

Rehearing denied March 1, 1954.

*McMillen & Teague*, for appellant.

*Sam M. Levine*, for appellee.

J. Seaborn Holt, J. This is a suit on two fire insurance policies, issued to appellee, James Motley, by appellant, one in the amount of $1,000 and the other $500. Appellee alleged in his complaint that the two policies covered "the furniture, fixtures, equipment, machinery, supplies and improvements located in the property belonging to the plaintiff at 711 North Cedar, Pine Bluff, Arkansas," that this property was destroyed by fire, and asked for judgment for $1,500.

Appellant denied any liability on the ground that the policies covered only the furniture and equipment contained in a frame building on the front of Lot 711 North Cedar Street and did not cover the contents of a "metal clad" building (in which the fire occurred) on the rear of the lot and says: "Whether or not the policies covered on this rear building is the sole issue in this appeal."

On a trial, (jury having been waived) the court found in favor of appellee for the amount claimed ($1,500), and this appeal followed.

The parties stipulated: "It is stipulated between the parties that the cleaning and pressing equipment was contained in two structures, one a building desig-

nated as 711 North Cedar, which was a frame building, and the other a tin building about 12 feet by 12 feet situated about 4 feet to the rear of the first mentioned building, and that the press was installed in the frame building and the cleaning equipment and machinery was in the other building, and the two buildings were connected by pipe through which the steam was conveyed from the tin structure to the other building; that all of the contents of the metal building was destroyed, and none of the contents of the other building.

"The frame building was situated on the front of the lot facing the street and was used for receiving and for pressing—the other building was situated to the rear of the frame building on the back of the lot and was a completely separate building, the only connection that we know of being the steam pipe, and the boiler was in the back building. The construction was different—the front building was frame, and the back building was 'metal clad.' "

The rear "metal clad" building contained the equipment for doing all cleaning, including tumblers, washers and solvents. Appellee testified that the value of his equipment in the front frame building was about $325.00 and that in the "metal clad" building about $1,800. He did not carry insurance on the buildings. Both policies were renewals and made effective in 1947, at the time when appellee had moved his business, machinery and equipment to 711 North Cedar St. The $1,000 policy contained the following location and coverage clause: "On furniture, fixtures, equipment, machinery, supplies, and improvements and betterments in the one story, approved roof, frame building *occupied as cleaning and pressing shop,* situated 711 North Cedar Street, (Serial No. 6019), Pine Bluff, Arkansas," and the following specific coverage: "2. Furniture, Fixtures, Equipment, Supplies and Improvements and Betterments Coverage —When this policy covers on FURNITURE, FIXTURES, EQUIPMENT, SUPPLIES AND IMPROVEMENTS AND BETTERMENTS, it shall include all such items usual or incidental to the business of the occu-

pancy described on the first page of this policy, including awnings and signs if the insured is not the owner of the building (except motor vehicles and aircraft), while contained in the described building (s) or on land only while in cars, vehicles or in the open anywhere on the premises or within 100 feet of the building (s) described.''

The $500.00 policy described the building as: ''The one Story, approved Roof, frame Building * * * *Cleaning & Pressing Shop* situated No. 711 North Cedar Street, Rate Serial No. 6019 * * * in Pine Bluff, Arkansas,'' and the coverage as: ''Item 3. $500.00 on Furniture, Fixtures, Equipment, Supplies, and Improvements and Betterments (except motor vehicles and aircraft) used in connection with the business (including awnings and signs if the insured is not the owner of the building) owned by the insured or for which the insured may be liable; all only while contained in or attached to the above described building or while within 100 feet thereof whether in the open or in vehicles, *including cleaning and pressing machinery.''*

Appellee testified that when he purchased this insurance, he contracted for coverage of all the cleaning and pressing equipment. ''Q. James, when you bought this insurance what did you buy it to cover? A. I bought it to cover the cleaning and pressing equipment— Q. You meant everything? A. Yes, sir, used in the cleaning and pressing operation, yes, sir.''

Mr. Guest, appellant's agent, who sold the insurance to appellee and induced him to increase his coverage to $1,500.00 testified: ''Q. Both of the policies do specifically refer to cleaning and pressing machinery don't they, and equipment? A. That is what is in them. * * * Q. Yes, you insured his cleaning and pressing equipment, didn't you? A. Yes, sir.''

Appellee had nothing to do with the drafting of the policies and any uncertainty or ambiguity as to the property insured or its location must be, under our well established rules, resolved against the insurance com-

pany and in favor of the insured. That construction most favorable to the insured, which will sustain his claim, will be adopted.

"Under well-settled principles, where the provisions of a policy are susceptible of two equally reasonable constructions, one favorable to the insurer and the other to the insured, the latter will be adopted. This is because the language is chosen by the insurer with the aid of experts employed for the purpose of writing the policy, and the insured has no voice in the matter. Therefore, where either of the two constructions may be adopted, it is fair that that which will sustain the claim and cover the loss will be chosen," *Wolff* v. *National Liberty Insurance Company,* 191 Ark. 146, 83 S. W. 2d 836.

It appears undisputed here that the equipment and machinery were in two structures, almost adjacent, in fact about four feet apart, and contained equipment essential to one operation and were actually connected by a steam pipe designed for the passage of steam, generated in one building and used in another. As indicated, while the location in the policies was 711 North Cedar Street, which was a designation of the premises on which both buildings were located, the $1,000 policy contained this language: "Occupied as cleaning and pressing shop," obviously meaning the machinery and equipment used both for the cleaning and pressing operation. The policies here insured against loss of cleaning and pressing equipment and on the entire machinery and equipment owned by appellee at his cleaning and pressing shop.

"As a rule, place and locality are essential elements in describing the property insured, although, in determining to what extent locality is important, reference must be had to the character of the property, and consideration must be given to the primary object of the insured in effecting the insurance, as well as to the uses to which the property will, in all reasonable probability, be put." *Couch's Cyclopedia of Insurance Law.* Vol 3. § 747, page 2428.

"If the location of the property is designated by a general description or in comprehensive terms, the policy attaches to the property anywhere within the place as described. Thus a policy on property described as in a certain building or place may cover property in adjoining or connected buildings and places, especially where the description relates to property in a manufacturing plant or general place of business, unless it is apparent from the terms of the policy and the surrounding circumstances that property so situated was not intended to be covered." 44 C. J. S., § 322, page 1253.

Of strong significance is the evidence that the value of appellee's property, his office furniture and pressing equipment in the front frame building was only about $325.00 (a fact which appellant's agent knew) and the value of appellee's equipment in the "metal clad" building was approximately $1,800.00. The question naturally arises: Why would appellee, if it were intended to protect property only worth $325.00, pay for more than four times this amount of insurance?

We conclude that there was ample testimony to support the judgment.

Affirmed.