St. Paul Fire & Marine Insurance Co. *v.* Kell.

5-1963 328 S. W. 2d 510

Opinion delivered November 9, 1959.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*D. Leonard Lingo & Harry L. Ponder,* for appellee.

Jim Johnson, Associate Justice. Appellant, St. Paul Fire & Marine Insurance Company, issued to appellee, J. R. Kell, a combination auto policy for the period July 7, 1956, to July 7, 1957, providing liability, collision, comprehensive, and medical payments.

By endorsement, the policy also provided for a $10,000 indemnity for the death of J. R. Kell as a result of an automobile accident and a weekly indemnity of $50 during the period of total disability suffered by J. R. Kell as a result of an automobile accident.

On May 15, 1957, (during the policy period) J. R. Kell was injured in an automobile accident while driving to work in his Dodge pickup truck. He was totally disabled for a period of twenty-one weeks. Appellee gave notice of claim and executed a proof of loss, claiming $1,050 under the total disability indemnity provision of the policy. The claim was denied by appellant and this

suit followed. The case was tried before the Court sitting as a jury and resulted in judgment in favor of appellee in accordance with the relief prayed for in the complaint.

Appellant relies upon an exclusion which is part of the endorsement under which claim was made and which reads as follows:

"This insurance does not apply: (a) to bodily injury or death sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public livery conveyance or commercial automobile . . ."

Appellant argues that the undisputed testimony reveals that J. R. Kell was operating a commercial automobile in the course of his occupation at the time of the accident of May 15, 1957, and that the trial court should, therefore, have entered judgment in favor of appellant.

The initial policy of insurance contains the following language under Item 8:

". . . (a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) The term 'commercial' is defined as use *principally* in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, family and other business purposes . . ." (Emphasis supplied).

The endorsement also contains the following provision:

"The company agrees with the named insured, in consideration of the payment of the premium and in reliance upon the declarations and subject to the limits of liability, exclusions, conditions and other terms of this endorsement and *of the policy* . . ." (Emphasis Supplied).

It is a well settled rule of this Court that in construing contracts of insurance, where a provision of an

insurance policy is susceptible of two equally reasonable constructions, one favorable to the insurer and the other to the insured, the latter will be followed: *Industrial Mutual Indemnity Co.* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457; *Wolff* v. *National Liberty Ins. Co. of America,* 191 Ark. 146, 83 S. W. 2d 836; *Phoenix Assurance Co.* v. *Loetscher,* 215 Ark. 23, 219 S .W. 2d 629; *Washington Fire & Marine Ins. Co.* v. *Ryburn,* 228 Ark. 930, 311 S. W. 2d 302.

In the case of *Travelers Protective Association of America* v. *Sherry,* 192 Ark. 753, 94 S. W. 2d 713, this Court also said:

"In all contracts of insurance of dubious or doubtful meaning, the construction should be placed upon them most favorable to the insured; but where the provisions are unambiguous they must be construed according to their plain meaning."

The endorsement attached to the policy of insurance plainly states that the endorsement is "subject to the limits of liability, exclusions, conditions and other terms of this endorsement and of the policy." This is an unambiguous statement and the policy itself defines "commercial automobile" as one used *principally* in the business occupation of the named insured.

The Courts do not rewrite the contract into which the parties have entered. The law does not permit the Courts to add to, subtract from, or substitute for the language employed in the policy. It is the duty of the Courts to construe the language used by the parties and such construction is performed by considering the sense and meaning of the terms which the parties have used as they are taken and understood in their plain ordinary and popular sense. *State Farm Mutual Automobile Ins. Co.* v. *Belshe,* 195 Ark. 460, 112 S. W. 2d 954.

The undisputed testimony of appellee, J. R. Kell, is as follows:

"I used my truck for practically everything, you know run around and stuff like that. When we were working in a neighboring town I took Carl and Darrell

Colburn to work when I took my truck. We went about half of the time with another bricklayer who lived in Walnut Ridge, and rode in his car. I used the truck like I would a car or anything else for my transportation anytime that I had some where to go. I used the truck part of the time when I was going out with my wife and child for social affairs. I went fishing in my truck about as much as work.''

Appellant concedes that a pickup truck is susceptible to a variety of uses and can be used for noncommercial purposes. The test must necessarily be whether the pickup truck was a commercial vehicle as defined by the terms of the policy.

The only testimony indicating that the truck was ever used in appellee's employment was that appellee did need his truck when he changed jobs in order to move his mortar boards and box. It is undisputed that at the time this accident occurred appellee was using the vehicle for transportation to the job site the same as he would a private automobile and was not using the truck to perform any duties incident to his occupation.

From the above, we cannot say that the pickup truck in question was a commercial vehicle used principally (or primarily) in the business occupation of appellee. Therefore, following our rule that where a jury is waived and the case is tried before a judge sitting as a jury, his finding on a question of fact is as conclusive on appeal as a jury verdict and will not be disturbed if supported by any substantial evidence. *Pate* v. *Fears,* 223 Ark. 365, 265 S. W. 2d 954. We conclude that there is an abundance of substantial evidence to support the finding of the trial court.

Affirmed.

We have decided that appellee's attorneys are entitled to a combined additional fee of $150.