STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. KATHRYN M. PRA-DERE, Individually and as the Widow of RUSSELL M. PRADERE, Deceased, Respondent.

No. 6396

June 2, 1971                    485 P.2d 686

276

*Vargas, Bartlett & Dixon* and *Frederic R. Starich,* of Reno, for Appellant.

*Laxalt, Berry & Allison,* of Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Kathryn M. Pradere, the widow of Russell M. Pradere, commenced this action in the district court to recover $10,000 under an insurance policy that the appellant, State Farm Mutual Automobile Insurance Company, had issued to Russell, who had named Kathryn the beneficiary thereunder. Russell, who had been employed by the Sierra Pacific Power Company, met an accidental death while riding to his place of employment, as a passenger in one of the company's trucks. State Farm had refused to honor the policy and pay Kathryn the benefits due her, on the ground that recovery was barred by an exclusionary clause of the policy. The district judge ruled in favor of Kathryn and awarded her a $10,000 judgment against State Farm, which judgment we affirm on this appeal.

1. *The Facts.*

Russell purchased in February 1965 a $10,000 accidental death insurance policy from State Farm. Kathryn was the named beneficiary. The coverage provision of the policy read:

"COVERAGE S

"*Division 1—Death Indemnity.* To pay the principal sum stated as applicable in the exceptions of the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or

through being struck by an automobile, provided the death shall occur within 90 days from the date of such accident."

On October 2, 1968, at about 10:00 p.m., Russell, who was riding in a company truck as a passenger to his place of employment, was killed when the truck collided with a Southern Pacific train.

Kathryn presented her claim to State Farm, as provided in the insurance policy, but State Farm elected not to honor the claim, on the ground that recovery was barred under the exclusionary clause of the policy, which provided:

*"Insuring Agreement IV does not apply:*

"(a) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance, commercial automobile, ambulance, fire truck, police car or other emergency vehicle. . . ."

State Farm's principal argument on this appeal is that Russell was riding as a passenger in the company's commercial truck and therefore the exclusionary provision is applicable. We do not agree. Without deciding whether or not the involved vehicle was a "commercial automobile", we conclude that riding in a commercial automobile is not, alone, sufficient to apply the exclusionary rule. More is needed. The exclusionary clause itself reads, "while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on," the commercial automobile. Russell was engaged in none of these duties. As the court said in St. Paul Fire & Marine Ins. Co. v. Kell, 328 S.W.2d 510, 512 (Ark. 1959): "It is undisputed that at the time this accident occurred appellee was using the vehicle for transportation to the job site the same as he would a private automobile and was not using the truck to perform any duties incident to his occupation." (In Kell, the injured employee was the driver of the vehicle.) And in Brinkmann v. Liberty Mut. Fire Ins. Co., 403 P.2d 136, 139 (Cal. 1965), the court ruled:

". . . The exclusionary clause requires not only that the insured be acting in the course of his occupation, but also that he be engaged in *duties* incident to the operation of a commercial automobile at the time of the accident. Since the trial court was justified in finding that Brinkmann was not engaged in the performance of duties when he was killed, a holding that he was in the course of his employment because he was accepting transportation benefits provided by his employer as an incident to his employment would not suffice to make the exclusion applicable. . . ." (Emphasis in original.)

Russell's death did not occur while he was "engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on," a commercial automobile. Therefore, the judgment of the lower court ordering State Farm to honor the insurance policy and pay the beneficiary, Kathryn, the $10,000 sum due thereunder is affirmed. Respondent may have her costs.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.