Jean DeFOURE *v.* MFA LIFE INSURANCE COMPANY

CA 79-75                                          596 S.W. 2d 7
Court of Appeals of Arkansas
Opinion delivered March 12, 1980
Released for publication April 2, 1980

*Joseph Philip James* and *Larry Hartsfield;* by *Joseph Philip James,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* by: *Stephen M. Reasoner,* for appellee.

GEORGE HOWARD, JR., Judge. The issue for determination is whether appellee is liable for medical expenses of $2,-780.95, under the terms of a "Conditions Precedent" (a binding receipt), providing, among other things that "no insurance shall be effective for any persons proposed for insurance in the application if [appellee] declines to insure any one of them."

On March 22, 1977, appellant made application for health insurance coverage for herself and her two minor children, Annetta, age 13, and Charles, age 15. Appellant paid two months' premium in advance of $88.14. Appellant received an instrument designated as "Conditions Precedent" which provided conditional coverage.

Relevant portions of the "Conditions Precedent" are:

> *Condition No. 1. Payment of Premium.* Full payment of initial premium on selected mode must be made to an authorized agent of MFA Life Insurance Company on date of application.

> *Condition No. 2. Insurability.* MFA Life Insurance Company at its Home Office must determine to its satisfaction, according to its rules and practices, that as of the later date of the application or medical examination form, if required, the persons proposed for insurance were insurable for the plans and amounts applied for and at the rate of initial premium paid.

> *Effective Date of Insurance.* If the above conditions are met, insurance shall be effective, subject to the provisions in the policies applied for, as of the later date of the application or medical examination form, if required.

> *Maximum Amount of Insurance which may be Effective before Policies are Issued.* No insurance against death, including accidental death benefits, under this receipt shall be effective for more than $50,000.00 inclusive of all insurance now pending with MFA Life Insurance Company.

> *Condition Not Met or Application Approved on Basis Other Than as Applied for:* If above conditions are not met or if application is approved on a basis other than as applied for, insurance shall be effective only if: (a) a policy is delivered to the owner during the lifetime of all persons proposed for insurance, and (b) to the best of applicant's knowledge, there has been no material change in the answers contained in the application since the date of application or medical examination form, if required, and (c) full payment of any required additional premium is made. No insurance shall be effective for any persons proposed for insurance in the application if MFA Life Insurance Company declines to insure any one of them. If insurance is approved for any one of them other than as applied for, insurance shall be effective according to the paragraph immediately above.

On April 1, 1977, Charles fractured his left leg while

riding a bicycle and incurred a medical expense of $2,780.95.

On April 12, 1977, appellee's agent delivered policy numbered D-026436 to appellant covering appellant and Charles, but appellee elected not to insure Annetta because she suffered from congenital Rubella Syndrome. On April 15, 1977, appellant, at the request of appellee, executed an amended application which contained only the names of appellant and Charles requesting insurance coverage. Appellee refunded to appellant a portion of the premium.

Appellee denied appellant's claim for the medical expense in connection with Charles' injuries on the ground that the provision in the "Conditions Precedent" which states: "no insurance shall be effective for any person proposed for insurance in the application if MFA . . . declines to insure any one of them" relieves appellee of any liability since it had declined to insure Annetta.

The trial judge, sitting without a jury, made the following findings:

"(2) That Policy no. D-026436 issued by defendant was not in effect at the time Charles Rickey Willis suffered the injury for which claim under the policy was made.

"IT IS, THEREFORE, BY THE COURT CONSIDERED, ORDERED and ADJUDGED that the complaint be dismissed with prejudice. Defendant is awarded its costs.

It is settled law that ambiguities in insurance contracts will be construed against the insurer who prepared it. Binding or conditional receipts are subject to this rule of construction. *Union Life Insurance Co.* v. *Rhinehart*, 229 Ark. 388, 315 S.W. 2d 920; *Ross* v. *Equitable Life Assurance Society*, 237 Ark. 643, 375 S.W. 2d 222; *Firemen's Insurance Company of Newark, N.J.* v.

*Motley*, 222 Ark. 968, 264 S.W. 2d 418.

In *Firemen's Insurance Company of Newark, N.J.* v. *Motley,* supra, the Arkansas Supreme Court said:

> 'Under well-settled principles, where the provisions of a policy are susceptible of two equally reasonable constructions, one favorable to the insurer and the other to the insured, the latter will be adopted. This is because the language is chosen by the insurer with the aid of experts employed for the purpose of writing the policy, and the insured has no voice in the matter. Therefore, where either of the two constructions may be adopted, it is fair that that which will sustain the claim and cover the loss will be chosen.'

It is undisputed that appellant complied with Condition No. 1 by submitting a premium of $88.14 with her application. Condition No. 2 provided that appellee was required to determine to its satisfaction that as of the later date of the application or medical examination form, if required, that appellant and her two children were insurable at the rate of the initial premium, under the plan desired as well as the amount of coverage sought. Appellee did not require a medical examination of either appellant or her children. Given this circumstance, Condtion No. 2 is subject to two interpretations: (a) Appellant and her children having been relieved of the requirement of a physical examination and having paid the necessary premium in advance would be justified in interpreting the provision as affording coverage effective March 22, 1977, the date of her application; (b) on the other hand, the same provision subjected to a strict construction supports the view that the binding receipt afforded no coverage until appellee had accepted and approved the application although physical examinations had been dispensed with.

Had appellee, under the circumstances, intended the latter interpretation, appellee could have spelled this out to appellant who, obviously, was a person unfamiliar with insurance.

Another ambiguity is illustrated by the posture taken by both appellant and appellee with reference to the last two sentences in the final paragraph of the "Conditions Precedent." Appellee argues that only the first sentence is pertinent to the issue at hand; that it is clear that no insurance coverage shall be afforded "any persons" named in the application if appellee declines to insure "any one of them." In other words, since Annetta was not accepted as a risk by appellee, Charles, under the binding receipt, was not covered on the date of his injury on April 2, 1977. On the other hand, appellant emphasizes that the final sentence which provides "if insurance is approved for any one of them other than as applied for, insurance shall be effective according to the paragraph immediately above," relates to the provisions designated "Effective Date of Insurance" and "Maximum Amount of Insurance;" and that these provisions were intended to be considered together. "Otherwise," argues appellant, "the final sentence of the 'conditions Precedent' makes no sense whatsoever."

We are persuaded that when all the terms and conditions of the "Conditions Precedent" are considered, there is ambiguity as to when appellant and her children were insurable. We construe the provision against the appellee.

We are convinced that appellant did not waive any rights of coverage claimed under the "Conditions Precedent." The amendment to the original application was executed, at the request of the appellee, in order to delete the name of Annetta and not to make any material changes in the application affecting appellant or Charles. Moreover, it is settled law that the binding receipt, application and the policy itself are to be considered together as a whole in resolving an issue of the dimension here. *Cooksey* v. *Mutual Life Insurance Co.,* 73 Ark. 118, 83 S.W. 317; *Jenkins* v. *International Life Insurance Co.,* 149 Ark. 247.

We are not persuaded that appellant's appeal should be dismissed for failure to comply with Rule 9. While appellant did not abstract the exhibits and the testimony of the appellant and appellee's agent, appellant and appellee did set out the relevant portions of the record in their briefs.

Accordingly, we revese the trial court and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.