## OLD AMERICAN INSURANCE COMPANY
### *v.* A. W. WILLIAMSON

CA 79-242                                    597 S.W. 2d 118

Court of Appeals of Arkansas
Opinion delivered March 26, 1980
Rehearing Denied April 23, 1980
Released for publication April 23, 1980

*Arnold, Arnold, Lavender & Rochelle*, by: *Charles D. Barnette*, for appellant.

*Ted. C. Capeheart*, for appellee.

MARIAN F. PENIX, Judge. A W. Williamson was the beneficiary of hospitalization insurance policy with Old American Insurance Company. The policy was written on Charles L. Williamson, who died from a gunshot wound.

A. W. Williamson filed claim for the death benefit. Old

American denied the claim. A.W. Williamson filed suit. Both parties moved for summary judgments. Both were denied. Written briefs and arguments were submitted to the Court, a trial by jury having been waived by both parties. The Court entered a judgment for plaintiff A. W. Williamson. Old American Insurance Company brings this appeal.

## I

Old American contends the Court erred in finding the policy was ambiguous as to whether or not benefits would only cover death by reason of an automobile accident.

Page 1 of the policy provides:

The Company will pay the benefits, which, according to the policy provisions, are payable for hospital confinement as the result of injury or sickness and death as result of injury, when suffered by a Covered Person, as defined and provided for under the provisions of the policy.

The policy continues:

This policy provides *benefits* for hospital confinement from sickness or injury and for death from injury, subject to reduction for Covered Persons under age 18. It is renewable at the option of the Company, all as defined and provided for herein.

There is nothing in either of these clauses indicating the death from injury is limited to injury incurred from an automobile accident.

On page 2 are a list of the BENEFITS. The 3d paragraph Automobile Accidental Death Benefit:

If injury sustained as the result of an accident to an automobile, inside of which a Covered Person is riding, whether as driver or passenger, causes the death of such person within 90 days of such accident and while this policy is in force as to such person, the Company will

pay the Death Benefit shown in the Policy Schedule, in a lump sum, in addition to any other benefits payable under this policy.

This clause can be interpreted as putting a 90 day limitation upon a death arising from an automobile accident. The paragraph appears to pertain only to benefits accruing in the event death results from an injury suffered in an automobile accident. It does not, however, state that the death benefit is restricted to death by automobile. There is nothing in the policy which excludes death from gunshot wound.

This policy provides benefits for death as result of injury in two different places on page 1; on page 2 for an automobile accident death benefit but does not exclude any other type of death from injury; and on page 4 contains identical language as found at the bottom of page 1, that is: BENEFITS ARE PAYABLE FOR DEATH FROM INJURY.

The policy taken as a whole is ambiguous. The general rule in Arkansas is that construction of the policy will be adopted which is most favorable to the insured. An insurance contract, like any written agreement, should, in case of doubt as to the meaning thereof, be interpreted against the party who has drawn it and is responsible for the language employed therein. See *Firemen's Insurance Company of Newark, N.J.* v. *Motley*, 222 Ark. 968, 264 S.W. 2d 418 (1954).

*Wommack* v. *U.S. Fire Insurance Company,* 323 F. Supp. 981 (1971) stated:

Commonsense approach should be used in construing a policy of insurance fairly and reasonably to ascertain and carry out intent of parties, and generally the words employed in a policy are to be understood in their ordinary sense.

A common and ordinary sense approach to this policy leads this Court to the conclusion the parties intended death benefits to be paid in the event the insured died of an accidental injury.

We find the policy to be ambiguous as to Death Benefits. Therefore, as it is the settled law of Arkansas, when an insurance contract is ambiguous it is construed most strongly against the insuror, we find the Court's judgment to be correct.

## II

Old American Insurance Company contends the insured's death was not from an accidental injury, in that it resulted from a gunshot wound which was precipitated by the insured's own actions.

Evidence at the trial was contradictory. There was some testimony the insured had threatened to "cut" the killer. The trial judge, who had the opportunity to observe the witnesses and assess their credibility, found the insured's death to have resulted from an accident. We hold there is substantial evidence to support the decision of the trial court.

We find A.W. Williamson entitled to death benefits under this policy.

Affirmed.

Supplemental Opinion delivered April 23, 1980

MARIAN F. PENIX, Judge. We allow $250.00 additional attorney's fee to counsel for appellee for services rendered on appeal.

Ark. Stat. Ann. § 66-3238 allows reasonable fees to be paid to insured's attorney when the insurer has refused payment under the policy.

The purpose of the statute for allowance of attorney's fees is to permit insured to obtain the services of a com-

petent attorney and the amount should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation. *Equitable Life Assurance Society of the United States* v. *Rummell*, 257 Ark. 90, 514 S.W. 2d 224 (1974).

We find $250.00 to be a reasonable attorney's fee. *Blevins* v. *Commercial Standard Insurance Companies*, 554 F. 2d 967 (8th Cir. 1976).