THOMAS *v.* AMERICAN RADIO & TELEVISION INC.

5-1527 312 S. W. 2d 183.

Opinion delivered April 14, 1958.

*B. W. Thomas* and *Richard W. Hobbs, pro se,* for appellant.

*Moses, McClellan & McDermott,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellee, American Radio & Television, Inc. is an Arkansas corporation engaged in the manufacture of radio, television and related electronic products. John D. Reid was an employee and director of the corporation at a salary of $13,000 per year on November 20, 1950, when a resolution was passed by the Board of Directors, as follows:

"On motion made and duly seconded and unanimously carried, it was resolved that an accrual be set up on the books for John D. Reid to set up the difference between $30,000 per year and $13,000 per year beginning November 20, 1950 to be payable to him by virtue of his special training, education and experience in the electronic field. *This is to be payable to him when the company is in a position to do so, the time to be decided at a later date.*"[1]

Any possible salary accrual to Reid in excess of $13,000 under the resolution terminated in April, 1951, when the company went into production exclusively for the United States Government under a naval contract and the government set the salary at $21,000. When this contract expired in February, 1955, appellee fixed Reid's salary at $30,000.

On September 14, 1955, John D. Reid was adjudicated a bankrupt. In his voluntary petition there was listed among his assets under "Choses in Action" a claim for "Accrued Salary at American Radio & Television from 1951 $7,061.47." On February 21, 1957, an order was entered in the bankruptcy proceedings confirming a sale of this claim to the appellants, B. W. Thomas and Richard W. Hobbs, on sealed bids for the sum of $100.00. The order recited that it would be for the best interest of the bankrupt estate to accept said bid because of the "uncertain value" and "uncertain due date" of the claim.

---

[1] Emphasis supplied.

On March 20, 1957, appellants brought this suit against appellee for an accounting of all monies due and owing them by virtue of the assignment to them of Reid's claim for accrued salary under the resolution of November 20, 1950. The instant appeal is from a decree entered on August 28, 1957, in which the chancellor found that no sum of money was then due and owing to Reid or the appellants by appellee and the complaint was dismissed for want of equity.

Appellants contend the trial court erred in refusing to render judgment in their favor for $7,061.47 which represents the difference in an annual salary to Reid of $13,000 and $30,000 from November 20, 1950 to April, 1951, when the agreement set forth in the resolution terminated. They insist that under a proper construction of the last sentence of the resolution adopted on November 20, 1950, appellee's promise to pay the increased salary when "it is in position to do so" is an absolute, and not a conditional, promise, and tantamount to a promise to pay within a reasonable time. Some courts so hold, but the great weight of authority is contrary to this interpretation of the agreement. "In a majority of the states in which the question has arisen and in Canada it is held that a promise to pay when the promisor "is able" (or a term of the same purport) is a conditional, and not an absolute, promise to pay, and that the promisee is not entitled to recover on such a promise unless the promisor is able to pay the debt. The minority view is that a promise to pay when the promisor is able is an absolute, and not a conditional, promise; it amounts to a promise to pay within a reasonable time." 12 Am. Jur., Contracts, Sec. 303.

The cases supporting these conflicting views are collected in extensive annotations on the question in 27 L. R. A. (N. S.) 300; L. R. A. 1918A 902; 94 A. L. R. 721. See also Williston, Contracts, Sec. 804; Page, Contracts, Sec. 2597; Corbin on Contracts, Sec. 641. This court has never passed directly on the question and we find nothing in *Merrill* v. *Sypert,* 65 Ark. 51, 44 S. W. 462, or *Excelsior Mining Company* v. *Willson,* 206 Ark.

1029, 178 S. W. 2d 252, relied on by appellants, to indicate our support of the minority rule.

Under the majority rule, to which we subscribe, appellee's promise to pay the salary accrual to Reid is not an absolute but a conditional promise to pay; and it was incumbent on appellants to allege and prove the financial ability of appellee to pay the obligation before they were entitled to recover. The evidence on this point is not in serious dispute. In their attempt to discharge this burden of proof appellants presented the testimony of John D. Reid and Paul Leird, another director of appellee. According to their testimony and certain financial statements presented, the appellee was in much worse position financially at the time of the trial than in 1950 when the agreement was made. A net operating deficit of approximately $560,000 in 1950 had increased to approximately $1,080,000 on July 31, 1957. There was a net profit of $114,374.43 for the year 1956 but the company still had a deficit of $995,000 at the end of that year and sustained a further net loss of $84,247 for the first seven months of 1957.

Appellee operates under an agreement with its creditors under which all its assets are pledged to the payment of certain mortgages held by the R. F. C. and others. One such creditor is a corporation in which some of appellee's directors are stockholders and which became a purchaser of a portion of the mortgage indebtedness due the R. F. C. when the latter refused to further extend the time of payment. A preponderance of the evidence supports the conclusion that appellee was not in position to pay the salary accrual. But this does not mean that it may not still become liable and the contract enforceable when the ability to pay exists. Also if it should develop that appellee has deliberately prevented itself from becoming able, then the happening of the condition will be excused. Williston, Contracts, Sec. 804, *supra*.

Appellants also contend that the trial court erred in dismissing their complaint "with prejudice." They say this is tantamount to a finding that they never will be

entitled to again assert their claim regardless of appellee's future ability to pay. There may be some ambiguity in the decree in this respect although it does recite "that no sum of money is now due and owing" to appellants. While it was proper to dismiss appellants' claim and complaint as being premature, such dismissal should have been without prejudice to further action if and when appellee's future financial position warrants. The decree is accordingly modified to this extent and, so modified, is affirmed.