COUNTRYSIDE CASUALTY CO. *v.* Coy W. GRANT

80-79                                   601 S.W. 2d 875
Supreme Court of Arkansas
Opinion delivered July 7, 1980

*Matthews & Sanders*, for appellant.

*Ted Boswell, P.A.*, by: *David E. Smith*, for appellee.

RICHARD L. MAYS, Justice. An automobile insurance policy issued by appellant, Countryside Casualty Co., contained a clause providing insurance for newly acquired automobiles if all the automobiles owned by the insured were insured with the company. In a suit by appellee, Coy W. Grant, under the policy seeking recovery for damages to his newly acquired pick-up truck, which had been destroyed by fire, the trial court sitting as a jury held that appellant was liable for the loss, as well as a statutory 12% penalty and attorney's fee, even though appellee owned a used car dealership which had an inventory of automobiles which were not insured by appellant. We affirm the trial court's

holding on appellant's liability under the policy for appellee's property loss but reverse on the penalty assessment and attorney's fee award.

The automobile insurance policy in question was issued to appellee on November 1, 1978, to provide collision and comprehensive coverage on his private passenger 1977 Continental. It contains an "automatic insurance" clause for newly acquired automobiles which provides in pertinent part as follows:

> The insurance afforded by this policy with respect to the described automobile applies to any other automobile of which the named insured or spouse acquires ownership if it replaces the described automobile or *is an additional automobile and the company insures all automobiles owned in whole or in part by the named insured and spouse on the date of such acquisition*; provided that the named insured or spouse notifies the Company . . . within 30 days after the date of such acquisition of his election to make the insurance afforded by this . . . policy applicable to such automobile . . . (Emphasis supplied)

Although the wording of this provision is not ambiguous on its face, the trial court concluded that the wording became ambiguous when considered in relation to the purpose and circumstances surrounding the making of the insurance contract.

When appellee took out the insurance on his private passenger automobile he in fact owned other automobiles which he sold through a used car lot business operating under the name "Coy Grant Motors." These automobiles were not insured by appellant since it did not insure used car lot automobiles. On November 8, 1978, appellee purchased for private passenger use an additional vehicle, a 1977 Chevrolet pick-up truck, from Cecil Tate Ford for $4,300. The truck was destroyed by fire less than 30 days later, on November 29, 1978.

Appellant contends that the pick-up truck was not insured under the policy issued on the 1977 Continental

because the "automatic insurance" clause plainly excludes coverage for additional vehicles when the insured owns other automobiles which are not insured by the company. However, since the appellant did not insure automobiles for sale on used car lots, the court found a latent ambiguity in the policy because the policy language did not clearly indicate that the applicability of the "automatic insurance" clause for newly acquired automobiles should be conditioned upon the ownership of automobiles which appellant could not insure. After admitting parol evidence to ascertain the true intention of the parties, the trial court concluded that the parties did not intend for appellee's used car lot ownership to prevent the operation of the automatic insurance clause to *insure* newly acquired private passenger automobiles for 30 days without notice to the company.

Since we view the trial court's finding of latent ambiguity and its conclusions concerning the true intention of the parties as primarily questions of fact, we shall not reverse the trial court unless its judgment is clearly erroneous. Rule 52 of the Rules of Civil Procedure. A latent ambiguity arises when the contract on its face appears clear and unambiguous but collateral facts exist which makes its meaning uncertain. *C. & A. Construction Co., Inc.* v. *Benning Construction Co.*, 256 Ark. 621, 509 S.W. 2nd 302 (1974). Parol evidence is admissible not only to bring out the latent ambiguity but to explain the true intention of the parties. Jones on Evidence (Vol. 3, p. 134, § 16:23). An ambiguity found in an insurance contract is to be construed against the insurer since the insurer wrote the policy without any consultation with the insured. *National Benevolent Society* v. *Harris*, 178 Ark. 24, 9 S.W. 2nd 773 (1928); *Aetna Life Ins. Co.* v. *Spencer*, 182 Ark. 496, 32 S.W. 2nd 310 (1930). The policy of liberal construction in favor of the insured applies even more forcefully to the "automatic insurance" clause since its inclusion in the insurance policy is for the benefit of the insured. *Michel* v. *Aetna Casualty and Surety Co.*, 252 F. 2d 40 (10th Cir. 1958). In the instant case, the parol evidence, which primarily came from the testimony of appellant's insurance agent, not only indicated that the insurance agent who sold appellee his automobile insurance policy knew of appellee's used car lot business but that he did not intend for the used car lot ownership to preclude automa-

tic insurance coverage for additional private passenger automobiles. The evidence further established that the agent did not intend to insure additional cars acquired for resale in appellee's used car business under any automatic insurance provisions and could not have insured these used cars on any basis since the appellant did not provide that kind of insurance. In fact, the insurance agent explicitly testified that appellee requested insurance coverage for his used car lot but was refused because the company did not write such insurance. Applying the policy of liberal construction in favor of the insured to these facts, we cannot say that the trial court's findings concerning latent ambiguity and the intention of the parties are against the preponderance of the evidence.

Also, arguing that appellee's newly acquired pick-up truck was not purchased for his personal use, appellant contends that the pick-up should not be insured under the automatic insurance clause even if appellee's used car lot ownership does not prevent application of the clause. In support of his argument appellant alleges that appellee put dealer plates on his pick-up truck, a practice restricted to a dealer's business automobiles, that the invoice for the pick-up truck indicates "Coy Grant Motors" and that the pick-up truck was not assessed on appellee's property tax assessment. However, appellee's banker testified that appellee had one method for financing his personal cars and another for financing his business cars, and the pick-up truck was financed as a personal car with the maker of the note being "Coy Grant" rather than "Coy Grant Motors." Appellee testified that he purchased the truck for hunting and other personal use. He explained that he also put dealer plates on his Continental, which is admittedly for personal use, and that the Continental did not appear on his personal property asessment. Again, under these facts we cannot say that the trial court's finding is clearly erroneous.

Appellant raises one further issue concerning the 12% penalty assessment and attorney's fee award. Pursuant to appellee's prayer for damages in his complaint, the trial court found appellee's damage to his truck to be $4,500 and entered judgment accordingly, notwithstanding a $50 deductible

532

provision in appellee's insurance policy. Since appellee's right to recover is based on his insurance policy, appellant contends that appellee's judgment should be reduced by the $50 deductible. Since the attorney's fee and penalty are not allowable against insurance companies unless the insured recovers the exact amount for which he sues, appellant contends that a reduction of appellee's judgment below the prayer in his complaint eliminates appellee's entitlement to the penalty and attorney's fee. We agree. Although the wisdom of such a policy may be questioned, its principle has been statutorily preserved and will not be disturbed by us. See Ark. Stat. Ann. § 66-3238 (Repl. 1966) and *Pacific Mutual Life Ins. Co.* v. *Carter*, 92 Ark. 378, 123 S.W. 384 (1909). Accordingly, appellee's judgment is reduced to $4,450 for the property damage loss and the statutory penalty and attorney's fee are eliminated. See, e.g., *Southwestern Ins. Co.* v. *Camp*, 253 Ark. 886, 489 S.W. 2nd 498 (1973).

Affirmed as modified in part and reversed in part.