Charles ROWLAND and Verna ROWLAND *v.*
GASTROENTEROLOGY ASSOCIATES, P.A.

83-59                                   657 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*David Hodges,* for appellants.

*Friday, Eldredge & Clark,* by: *Laura A. Hensley* and
*William M. Griffin, III,* for appellee.

FRANK HOLT, Justice. The issue presented is whether an attorney's client, the appellee, is liable to another party, the appellants, for the alleged tortious acts of the attorney. The court granted appellee's motion for a summary judgment on the basis that the appellee's attorney was an independent contractor and, therefore, appellee was not liable for his action. Hence this appeal.

Appellant, Verna Rowland, received medical services from the appellee. The appellee referred her delinquent account for collection to Josh McHughes, an attorney. When attempts at collection failed, a suit to recover $468.39 was filed against the appellant by McHughes on behalf of the appellee. Appellants contend that during the pendency of the action they reached a settlement agreement with appellee's attorney which was binding on appellee and that they paid $453.38 in full settlement by check to the attorney. The appellee disputes appellants' version of the purported settlement contending there was no settlement agreement and, even if there was, it did not include the court costs and the agreement was not binding on it. The $453.38 check tendered by appellants and accepted by appellee's attorney was marked "Paid in Full." After the receipt of the check, a default judgment on the debt was rendered in favor of appellee in the amount of $468.39 plus costs. When no payment was made by the appellants to cover the court costs, McHughes garnished the appellants' bank account for $39.20 for court costs plus the costs of the garnishment which were $14. The bank responded by paying into the court registry $172.02, the entire balance of the appellants' account, and then closing the account. McHughes subtracted $53.20 ($39.20 plus $14 as costs for the writ of garnishment) and the balance of $118.32 was sent to the appellants. The closing of appellants' account by the bank resulted in several of appellants' checks to third parties being returned because of insufficient funds. The appellants filed suit against the appellee, the creditor, on the theory that the damages suffered by them were caused by the "agents, servants, and employees of" appellee, alleging abuse of process and tort of outrage. They sought compensatory and punitive damages based upon appellee's negligence. As indicated, the trial court made a determination that the

appellee's attorney represented it in the capacity of an independent contractor and, therefore, granted appellee's motion for summary judgment. We reverse.

Summary judgment is appropriate only when the pleadings, depositions, and answers to interrogatories, together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. ARCP Rule 56; *Davis, Adm'x* v. *Lingl Corp.*, 277 Ark. 303, 641 S.W.2d 27 (1982). Evidence submitted in support of the motion must be viewed most favorably to the party resisting the motion. *Dodrill* v. *Ark. Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979). The object of a summary judgment is not to determine an issue but to determine whether there is an issue to be tried. If there is any doubt, the motion should be denied. *Trace X Chemical* v. *Highland Resources*, 265 Ark. 468, 579 S.W.2d 89 (1979).

Obviously, the dispute here over whether the account had been fully settled is a material factual issue and should have been submitted to the factfinder rather than disposed of on summary judgment. Further, another issue of a material fact exists. Appellants base their claim against the appellee on the agency theory of the liability of a principal for the torts of his agent when those acts are within the scope of that agent's apparent authority. Appellee denies the agency relationship and instead asserts McHughes was an independent contractor and as such his actions are not imputable to the appellee. On this issue the court, in *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1982), aptly stated:

> ... [A]n attorney's contract of employment implies that he is authorized to take those procedural steps deemed by him to be necessary and proper in the conduct of the litigation whether in pursuit or defense of the claim. His actions in those matters, in the absence of fraud, are regarded as the acts of his client who is bound by those actions, but the mere fact that counsel is retained does not, in and of itself, carry an implication of authority to compromise his client's claim and to hold otherwise

would vest the attorney with far more power than his retainer requires or implies. *McCombs* v. *McCombs*, 227 Ark. 1, 295 S.W.2d 774 (1956). . . .

The question of whether or not an agent is acting within the scope of his actual or apparent authority has always been held to be a question of fact for the jury or trier of fact to determine. *Babbitt* v. *Gordon*, 251 Ark. 1112, 476 S.W.2d 795 (1972).

Here, there being disputed facts on material issues with respect to the purported settlement agreement as well as the apparent authority of appellee's attorney, the granting of summary judgment was erroneous.

Reversed and remanded.

ADKISSON, C.J., concurs.