Vivian D. PATE, Individually and as Administratrix,
and Herb BEAN, Individually and as Adminstrator *v.*
UNITED STATES FIDELITY
AND GUARANTY COMPANY, et al

CA 84-173                                              685 S.W.2d 530

Court of Appeals of Arkansas
En Banc
Opinion delivered March 13, 1985

134

*Philip M. Clay, P.A.*, by: *Mark P. Clark, P.A.*, for appellants.

*Wright, Lindsey & Jennings*, for appellees.

DONALD L. CORBIN, Judge. This appeal is consolidated as the issues in each are identical. Larry Pate, a patient, and Sue Bean, an ambulance attendant traveling with him, were being transported by the Glenwood Rescue Ambulance Service. Keith Mangrum, the ambulance driver, crossed in front of a train and Pate and Bean were killed in the collision. Appellants, executors of Pate and Bean's estates, filed wrongful death actions against United States Fidelity and Guaranty Company, the ambulance service's auto liability insurance carrier, and Western World Insurance Company, its driver and attendants malpractice insurance carrier. The claims against United States Fidelity and Guaranty Company were settled. The claims against Western World were heard by the trial court on appellee's motion for summary judgment. Summary judgment was granted. We affirm.

Western World argued that its insurance policy did not provide coverage for the negligent operation of a vehicle because (1) the policy specifically excluded any liability that would be covered by "a standard automobile public liability policy", (2) the drivers and attendants malpractice insurance coverage did not cover auto accidents and (3) the policy specifically excluded liability arising from injury or death of any employee that arose out of and in the course of his employment.

In response, appellants argued (1) that "standard automobile public liability policy" has no accepted meaning and is an ambiguous term, (2) that driving a patient in the ambulance was a "professional service" covered by the malpractice insurance coverage and (3) that whether Bean was an employee of the insured is a fact question that must be determined before the court can know whether the employee exclusion is applicable.

This case turns primarily on the construction of Western World's policy exclusion which reads: "This policy does not apply: . . . to any liability of the insured which would be covered by a standard automobile public liability policy. . ." This provision must be viewed in light of the entire insurance policy. In the policy the named insured is designated "Ambulance Service." In the space designated "Business of the Named Insured," the words "Ambulance Service" were inserted. The policy contained spaces for various coverages which were not checked or purchased for coverages including "comprehensive automobile liability insurance." The policy clearly noted that "ambulance drivers and attendants malpractice liability insurance" was the coverage purchased. Viewing this exclusion provision in relation to the entire policy and applying the pertinent rules of construction, we believe the policy obviously intended to exclude coverage for the operation of a motor vehicle.

It is a well settled rule of this Court that in construing contracts of insurance, where a provision of an insurance policy is susceptible of two equally reasonable constructions, one favorable to the insurer and the other to the insured, the latter will be followed. *St. Paul Fire & Marine Ins. Co.* v. *Kelly*, 231 Ark. 193, 328 S.W.2d 510 (1959). However, different clauses of a contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible. *Continental Casualty Co.* v. *Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971). The intention of the parties is to be gathered not from particular words and phrases but from the whole context of the agreement. *Fowler* v. *Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S.W.2d 611 (1929). The phrase "Standard Automobile Public Liability Policy" standing alone may be subject to

different constructions, but not to equally reasonable ones. When examining the entire policy we believe it is clear that liability for the negligent operation of a motor vehicle was excluded. The contract of insurance was clear in its terms as to coverage available. We are not required by the rules of contractual construction to stretch our imaginations to create coverage where none exists. Having affirmed this case on this issue we need not address appellants' other arguments.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I dissent from the majority opinion affirming the trial court's granting of a motion for summary judgment in this case.

The appellee is Western World Insurance Company. The trial court agreed with the appellee's contention that it was entitled to summary judgment holding appellee's insurance policy covering an ambulance did not provide coverage for the alleged negligent operation of that vehicle. Killed in the collision of the ambulance with a train were Larry Pate, who was being transported as a passenger, and Sue Bean, who was an attendant in the ambulance.

The appellee first contends its policy did not provide liability coverage in this case because it excluded any liability that would be covered by "a standard automobile public liability policy." The appellants submitted the only evidence for consideration as to the meaning of this term. This was an affidavit by Mr. W.H.L. Woodyard, III, who was Commissioner of Insurance at the time of the collision. The affidavit states that the term "automobile liability policy" is-susceptible to "differing reasonable interpretations" and appears to be *ambiguous*. Ambiguities in an insurance policy are to be construed against the insurance company and in favor of coverage. *Countryside Casualty Co. v. Grant*, 269 Ark. 526, 601 S.W.2d 875 (1980).

In *Rowland* v. *Gastroenterology Assoc., P.A.*, 280 Ark. 278, 657 S.W.2d 536 (1983), the court said:

Summary judgment is appropriate only when the pleadings, depositions, and answers to interrogatories, together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. ARCP Rule 56; *Davis, Adm'x* v. *Lingl Corp.*, 227 Ark. 303, 641 S.W.2d 27 (1982). Evidence submitted in support of the motion must be viewed most favorably to the party resisting the motion. *Dodrill* v. *Ark. Democrat Co.*, 265 Ark. 628, 590 S.W.2d 840 (1979). The object of a summary judgment is not to determine an issue but to determine whether there is an issue to be tried. If there is any doubt, the motion should be denied. *Trace X Chemical* v. *Highland Resources*, 265 Ark. 468, 579 S.W.2d 89 (1979).

Next the appellee points to a page of the policy labeled "Ambulance Drivers and Attendants Malpractice Insurance Coverage Part," and argues that the policy was not *intended* to cover automobile accidents. However, the policy's cover page is styled "General Liability Automobile Policy." In *Fausett Co.* v. *Rand,* 2 Ark. App. 216, 218, 619 S.W.2d 683 (1981), we said:

[E]ven if the facts are not in dispute, if reasonable minds might differ as to the conclusions to be drawn from those facts, summary judgment may not be entered. (Citations omitted.)

Finally, the appellee contends the policy excluded coverage for the deceased Sue Bean because she was an employee of the non-profit company owning the ambulance and the policy excluded coverage for the death of employees arising out of their employment. The appellants contend that the evidence would show this lady was a volunteer, donating her time as an attendant in the ambulance, but nothing appears in the record other than a statement in the complaint that she was an "attendant." In this situation, whether she was an employee of the company was certainly a fact question. *Walker* v. *Countryside Casualty Co.*, 239 Ark. 1085, 396 S.W.2d 824 (1965); *Eagle Star Ins. Co.* v. *Deal*, 474 F.2d 1216 (8th Cir. 1973).

I think the trial court erred in granting the appellee's motion for summary judgment.