HAMPTON ROAD, INC. and Jesse R. COX
*v.* Larry O. MILLER

CA 85-367                                  708 S.W.2d 98

Court of Appeals of Arkansas
Division I
Opinion delivered April 30, 1986

*Wright, Lindsey & Jennings*, for appellant.

*Michael R. Landers*, for appellee.

TOM GLAZE, Judge. This appeal follows the entry of an order directing appellants, Hampton Road, Inc. and Jesse Cox, to transfer stock to appellee, Larry Miller, pursuant to an employment contract. Appellants contend the trial court erred in construing the parties' agreement and in failing to enforce the covenant not to compete contained in it. We disagree and therefore affirm.

Hampton Road is a corporation which operates a Kentucky Fried Chicken restaurant in Camden, Arkansas. Jesse Cox and his wife own the stock, and he is the corporate president. Appellee was hired by Cox in October 1980 as the manager of the restaurant. After the employment relationship began, the parties entered into a written employment contract which provided, in part, as follows:

> The employee shall accrue 5% of the stock of the Corporation a year for five years beginning October 15, 1980 and ending October 15, 1985 for total ownership of 25% at the end of said five year period. No stock shall be transferred until the end of the five year period. In the event of sale of Corporation during said five year period, the 5% accrued for those years will be transferred prior to any contemplated sale.

The contract also contained the following covenant not to compete: "The Employee agrees that he will not accept employment from an employer in a competing business within the City of Camden, Arkansas, for a period of 1 year after the termination of this Agreement."

Appellee terminated his employment on December 21, 1983, and soon thereafter purchased an ongoing restaurant, the Hush Puppy, in Camden. After requesting, with no success, that Cox transfer 15% of the corporation's outstanding stock to him, appellee filed suit for specific performance. Appellants defended on two grounds: (1) that the contract required appellee to remain employed for five years before acquiring any right to the stock;

and (2) that appellee breached the covenant not to compete, and therefore cannot enforce the contract.

It is settled law that when parties to a contract express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Green* v. *Ferguson*, 263 Ark. 601, 567 S.W.2d 89 (1978); *C&A Construction Co., Inc.* v. *Benning Construction Co.*, 256 Ark. 621, 509 S.W.2d 302 (1974). Here, after hearing extensive testimony and reviewing the exhibits, the chancellor held, in a well-written opinion, that the contract was unambiguous and that it did not require appellee to work for five years before being entitled to the stock.

The chancellor further held that, even if the contract were ambiguous, it should be construed against appellants, whose attorney prepared the contract. *See Maddox* v. *St. Paul School District*, 16 Ark. App. 112, 697 S.W.2d 130 (1985); *Worthen Bank & Trust Co.* v. *Adair*, 15 Ark. App. 144, 690 S.W.2d 727 (1985); *Don Gilstrap Builders, Inc.* v. *Jackson*, 269 Ark. 876, 601 S.W.2d 270 (Ark. App. 1980). Noting that the testimony was in direct conflict, he found that there was no agreement between the parties that appellee would have to be employed five years before being entitled to the stock. Had this requirement been intended, the chancellor concluded that it could have been easily set forth in the contract. Our supreme court has held that courts must not expand contracts beyond their terms and the intent of the parties. *Harris* v. *Southern Farm Bureau Casualty Insurance Co.*, 247 Ark. 961, 448 S.W.2d 652 (1970). We believe the chancellor was entirely correct in his assessment of the facts and law.

The chancellor next addressed the issue of whether appellee had forfeited his right to enforce the stock transfer provision by breaching the covenant not to compete. On this point, the appellant relies on the settled rule that a party who first breaches a contract is in no position to take advantage of a later breach by the other party. *Ben F. Levis, Inc.* v. *Collins*, 215 Ark. 172, 219 S.W.2d 762 (1949).

Whether a restraint provision is reasonable or unreasonable is a question to be determined under the facts of each

case. The trial court's findings will not be reversed unless clearly erroneous. *Madison Bank & Trust* v. *First National Bank of Huntsville*, 276 Ark. 405, 409, 635 S.W.2d 268, 271 (1982). Generally, the enforceability of a covenant not to compete depends upon its reasonableness in light of the particular facts of the case. *Girard* v. *Rebsamen Insurance Co.*, 14 Ark. App. 154, 685 S.W.2d 526 (1985).

It is generally accepted that the most important single asset of a business is its stock of customers, and that protection of this asset against appropriation by an employee is a legitimate interest of the employer. *Borden Inc.* v. *Huey*, 261 Ark. 313, 547 S.W.2d 760 (1977). However, the testimony presented to the trial court revealed no evidence that appellee maintained a personal relationship or acquaintance with appellants' customers or that this "stock of customers" was appropriated by appellee when he left appellants' employ. We also believe the fact that appellee purchased an ongoing business, with its own patrons, rather than a new business, is significant. Furthermore, there was no proof that appellee, who had worked in Kentucky Fried Chicken establishments for over ten years before 1980, acquired any trade secrets or confidential information from appellants.

The Arkansas courts have consistently held that a covenant not to compete is unenforceable if it would prohibit ordinary competition. *Orkin Extermination Co., Inc.* v. *Weaver*, 257 Ark. 926, 521 S.W.2d 69 (1975); *Rebsamen Insurance* v. *Milton*, 269 Ark. 737, 600 S.W.2d 441 (Ark. App. 1980); *Import Motors, Inc.* v. *Luker*, 268 Ark. 1045, 599 S.W.2d 398 (Ark. App. 1980). We agree with the chancellor in his determination that the covenant in question was void because it was intended only to protect appellants from ordinary competition. "A business cannot use a covenant not to compete to eliminate competition." *Rebsamen Insurance* v. *Milton*, 269 Ark. at 744, 600 S.W.2d at 444.[1]

---

[1] Appellants cite out-of-state cases in an attempt to support their contention that, because appellee was employed in a managerial capacity, the covenant should be interpreted as prohibiting appellee from engaging in any actual food business in the same city. *Manpower of Guilford County, Inc.* v. *Hedgecock*, 42 N.C. App. 515, 257 S.E.2d 109 (1979); *J. H. Goldberg Co., Inc.* v. *Stern*, 53 A.D.2d 246, 385 N.Y.S.2d 427 (1976); *Allen* v. *Rose Park Pharmacy*, 120 Utah 608, 237 P.2d 823 (1951); *Smithereen Co.* v. *Renfroe*,

■ We further agree with the chancellor that, even if the covenant were enforceable, it was not breached because the Hush Puppy is not a "competing business" of appellants as set forth in the contract. The trial court noted that appellants' Kentucky Fried Chicken restaurant is a fast-food establishment, serving primarily fried chicken, with the majority of the orders taken out for consumption. The Hush Puppy is a full-service restaurant, where its speciality, fish, is eaten mainly on the premises. In view of the above, as well as the fact that the two establishments have different seating capacities and hours, we agree with the chancellor that the Hush Puppy is not a "competing business" of Kentucky Fried Chicken.[2]

Based upon the testimony and exhibits presented, we cannot say that the chancellor's findings were clearly against the preponderance of the evidence, nor can we say that his application of the law was erroneous.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.

---

325 Ill. App. 229, 59 N.E.2d 545 (1945). These cases, however, are distinguishable and not controlling here because they involve situations where customer relationships or lists had been developed or an employer's secret formula had been obtained. The record here fails to show the appellee gained access to any secret formulas or customer lists that could be utilized in his new business to the detriment of his former employer.

[2] Reaching this conclusion, it is unnecessary to consider appellants' argument concerning whether appellee "accept[ed] employment from an employer" as proscribed by the covenant not to compete.