Douglas A. SINGH *v.* RILEY'S, INC.

CA 93-769                                                     878 S.W.2d 422

Court of Appeals of Arkansas
Division I
Opinion delivered June 29, 1994

---

*Dover & Dixon, P.A.*, by: *W. Michael Reif*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Byron Freeland* and *Marshall S. Ney*, for appellee.

JAMES R. COOPER, Judge. The appellant in this civil case brought an action for breach of an employment contract against Riley's, Inc., seeking contractual severance pay of $36,000.00; $6,000.00 for wages earned in July 1991; $4,154.00 for accrued vacation; $8,295.00 for real estate commissions incurred from the sale of his house; $1,365.00 in moving expenses; $9,000.00 for an incentive bonus earned between February 1, 1991, and July 31, 1991; attorney's fees; and costs. After the conclusion of the appellant's case at a bench trial on February 12, 1993, in which Riley's, Inc., stipulated that Singh was entitled to $3,600.00 in accrued and unpaid wages, the trial court directed a verdict against the appellant with regard to the disputed elements of his claim, and awarded him $3,600.00 in wages and an attorney's fee of $360.00. From that decision, comes this appeal.

On appeal, Singh does not contest Riley, Inc.'s right to terminate his employment at will; however, he contends that he was entitled to certain benefits under the agreement because he was terminated without cause. The agreement, which was handwritten by Pat Riley, president of Riley's, Inc., provides in part:

> This is a brief memorandum covering agreements reached by Riley and Singh as to his new position effective 8-1-90. Riley will develop a Job Description, Goals to be accomplished by Singh, Incentive Compensation and reasonable yardsticks to evaluate performance and timing of such evaluations. As for now the brief but pertinent outline is as follows:
>
> . . . .
>
> Reports to: Pat M. Riley, Sr. - President and Chm. of Board.

. . . .

<u>Severance Pay</u> - (1) If Singh resigns there will be none. (2) If he is released for <u>cause</u> there will be none. Cause does not mean failure to meet corporate goals or to earnings and other performance ratings. *Nor does it mean failure to demonstrate the necessary qualifications for the position or extension of appropriate effort.* It does mean fraud or dishonest acts and/or conduct in his daily life that is inappropriate to his executive position. (3) If he is released for other reason than cause as broadly defined above he will receive severance pay of $36,000.00 if it occurs prior to 8/1/93.

. . . .

This constitutes all of the agreement.

(Italics supplied). Riley's, Inc. responds that although "cause" is frequently included in employment agreements, it is seldom completely defined and that the trial court correctly determined that the grounds for cause listed in the contract were not exclusive but merely illustrative. We do not agree. Instead, we think it clear that the trial court misread the handwritten contract and based his directed verdict on an erroneous belief that the failure to exert appropriate effort was included within the contractual definition of "cause." This is apparent from the trial judge's order, in which he stated that:

> I think the extension of appropriate effort means exactly what it says. You simply are not going to tie yourself into a contract of employment for someone who does not perform appropriately. The effort they put into it is not the poundage that they lift, but the amount of struggle they do to perform the job.

> In this situation, Mr. Riley has testified that he didn't feel this man extended appropriate effort in curing the problems that the Long-term Care Board had placed on him because of the inappropriate placement of funds. He also felt there wasn't appropriate effort used to investigate a very severe problem which could have caused the corporate entity not only embarrassment but legal problems that

would have cost them monetary problems, so I feel that extension of appropriate effort has definite meaning to this contract and it should be broadly defined as cause, so I agree with Mr. Freeland.

██ Although a question of fact is presented when a contract is ambiguous as to the parties' intent, *Elkins* v. *Arkla, Inc.*, 312 Ark. 280, 849 S.W.2d 489 (1993), the construction and legal effect of a contract are questions of law when the terms thereof are not susceptible to more than one equally reasonable construction. *See State Farm Fire & Casualty Co.* v. *Amos*, 32 Ark. App. 164, 798 S.W.2d 440 (1990). We hold that the contractual provision that failure to extend appropriate effort did not constitute cause for dismissal with respect to severance pay was not ambiguous, and that the trial court erred as a matter of law in directing a verdict against the appellant.

█ We address the appellant's remaining point for reversal because it is likely to recur on retrial. He contends that the trial court erred in admitting parol evidence to determine the meaning of the term "cause" with respect to the severance pay provision. This argument is meritorious. Because parol evidence is admissible only if an ambiguity exists, *see Minerva Enter., Inc.* v. *Bituminous Casualty Corp.*, 312 Ark. 128, 134, 851 S.W.2d 403 (1993); *Pizza Hut of America, Inc.* v. *West Gen. Ins. Co.*, 36 Ark. App. 16, 20, 816 S.W.2d 638 (1991), we hold that the trial court erred in admitting parol evidence for the purpose of determining the meaning of this provision.

Reversed and remanded.

JENNINGS, C.J., and ROBBINS, J., agree.