Don K. FRYER, Don K. Fryer & Associates, and CISCO *v.* Guy BOYETT

CA 98-236                                             978 S.W.2d 304

Court of Appeals of Arkansas
Division II
Opinion delivered November 4, 1998

George H. Stephens, II, for appellants.

Brazil, Adlong, Murphy & Osment, by: Matthew W. Adlong, for appellee.

JOHN MAUZY PITTMAN, Judge. Don Fryer, individually and d/b/a Don K. Fryer & Associates, and CISCO have appealed from a judgment entered by the Faulkner County Circuit Court in favor of appellee Guy Boyett for commissions appellants owed to appellee. We cannot say that the circuit judge erred in making this award to appellee and affirm.

In 1989, appellee entered into two written agreements to act as a sales representative for appellants Don Fryer & Associates and CISCO. Both sales agreements provided that appellee, an independent contractor, would be paid his commissions after appellants received payment in full. Appellee received no other form of compensation. The CISCO agreement stated: "Profit share is due after payments are received in full by [CISCO] and profit is determined by sales price less cost of goods sold, freight

charges, taxes, etc." The agreement with Don K. Fryer & Associates stated: "All commissions earned by [appellee] hereunder are payable only out of commissions paid by the [manufacturer] and shall be due and payable to [appellee] on or before the 10th day of the month following receipt by [appellant] of payment from the [manufacturer] of the sums from which [appellee's] commissions are payable." The CISCO contract stated: "[Appellant] is interested only in the results obtained by [appellee] who shall have sole control of the manner and means of performing under this agreement."

Both contracts contained the following provision for termination:

> This agreement shall continue in full force and effect until the first to occur of the following events, at which time it shall terminate:
>
> (1) The expiration of thirty (30) days after [appellee] gives written notice to [appellant] of [appellee's] election to terminate this agreement, which right [appellee] is hereby granted and which shall be within [appellee's] sole discretion . . . .

On July 6, 1993, appellee gave appellant Fryer the following written notice of his intention to resign:

> In accordance with Sub-Agent (Independent Contractor) agreement between Don Fryer and Guy W. Boyett dated 2/27/89 I elect to terminate agreement 30 days from this date or 7/31/93 if you prefer.
>
> After expiration of the 30 day period I will receive commission on only the outstanding purchase orders Metalex has with O.D. Funk and Specialty Services, Inc. when commission is paid by Metalex.
>
> During the life of these open purchase orders I am willing to service these accounts when and if any problems arise.
>
> Prior to 7/31/93 I will make a list of these open purchase orders for your approval.

On that date, appellee also gave a similar notice to CISCO of his intention to resign.

After appellants refused to pay appellee the commissions he had earned before the date of the contracts' termination, appellee

sued appellants for $6,738.72. Following trial, the circuit judge stated in his letter opinion:

> The issue is whether the plaintiff is entitled to commissions after the termination of the contract he had with Defendant. I find that the issue is settled not by the silence of the contract or the fact that another contract containing specific language was not accepted, but by the language of both the "Fryer" and "CISCO" contracts which provide that commissions earned by the sub-agent shall be due and payable following receipt of full payment by the principal.

The circuit judge then entered judgment for appellee in the amount of $6,742 plus attorney's fees of $4,700 and $300 in costs.

On appeal, appellants argue that the circuit judge erred in his construction of the contracts to provide for payments of commissions to appellee after termination. Citing *Brown v. Cooper Clinic, P.A.*, 734 F.2d 1298 (8th Cir. 1984), appellants contend that, because the contracts are silent on this question, no such right existed. *Brown v. Cooper Clinic* did not, however, hold as a matter of law that, if a contract is silent on this issue, a right to compensation after termination can never be found to exist. The clinic distributed 45% of the monthly collections to the surgery department, and the appellant had agreements with other members of that department whereby he would receive 40% of those collections as his monthly salary. In that case, the appellant sought to be paid his portion of the fees billed but not yet collected. The clinic also had an unwritten policy that physicians were not entitled to any portion of the clinic's accounts receivable upon departure. We believe that case is, therefore, distinguishable from the case before us. In *Brown v. Cooper Clinic*, the appellant's salary was not directly tied to his personal billings or collections; thus, his agreement with the clinic was materially different from the contracts involved herein. Accordingly, that case provides no helpful precedent to the issue now before us.

Like the circuit judge, we are also not persuaded by appellants' emphasis of the fact that, during negotiations, appellee had not accepted a proposed contract that specifically provided for compensation after termination. Because the contracts the parties

did accept are not ambiguous, our focus is necessarily upon their express terms.

The initial determination of the existence of an ambiguity rests with the court. *Wedin v. Wedin*, 57 Ark. App. 203, 944 S.W.2d 847 (1997). When a contract is unambiguous, its construction is a question of law for the court. *Rowland v. Faulkenbury*, 47 Ark. App. 12, 883 S.W.2d 848 (1994); *Moore v. Columbia Mut. Casualty Ins. Co.*, 36 Ark. App. 226, 821 S.W.2d 59 (1991). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Singh v. Riley's, Inc.*, 46 Ark. App. 223, 878 S.W.2d 422 (1994). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Hampton Road, Inc. v. Miller*, 18 Ark. App. 9, 708 S.W.2d 98 (1986). Different clauses of a contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible. *Pate v. U.S. Fidelity and Guar. Co.*, 14 Ark. App. 133, 685 S.W.2d 530 (1985). The contracts in question distinguished between appellee's earning the right to payment of his commissions and the time at which they were payable. True, the contracts are subject to differing constructions, but not to equally reasonable ones. The more reasonable construction is that, although appellee could only *earn* his commissions before termination of the contracts, he could *receive* them after his representation of appellants had ended, if appellants had been paid. We therefore cannot say that the circuit judge erred in his decision.

Affirmed.

BIRD and GRIFFEN, JJ., agree.