BOATMEN'S ARKANSAS, INC. *v.* Jim G. FARMER

CA 98–850                                    989 S.W.2d 557

Court of Appeals of Arkansas
Division II
Opinion delivered May 12, 1999

*Wright, Lindsey & Jennings*, by: *John G. Lile* and *Claire Shows Hancock*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *James M. McHaney, Jr.*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee accepted a position as president and chief operating officer of Worthen Banking Corporation in February 1994. The terms of his employment were established by a written agreement executed in July 1994. One of the terms of the agreement provided that, upon acceptance of appellee's application for membership at the Little Rock Country Club, the employer would reimburse him for the initiation fee. After commuting for a short time from St. Louis, Missouri, to Little Rock, Arkansas, appellee moved his family to Little Rock in August 1994, and promptly applied for membership with the Little Rock Country Club. Worthen was acquired by appellant Boatmen's Arkansas, Inc., in February 1995, pursuant to an agreement whereby Boatmen's would become responsible for Worthen's obligations, including Worthen's employment agreement with appellee. Appellee was terminated after the acquisition. In January 1997, nearly two years after appellee's termination, appellee's application for membership at the Little Rock Country Club was accepted. Appellee requested that appellant reimburse him for the initiation fee; appellant refused to do so, and appellee filed the present lawsuit, alleging that Boatmen's was obligated to pay the initiation fee under the terms of his employment agreement with Worthen. The circuit judge entered an order granting appellee's motion for summary judgment, concluding that the obligation to reimburse appellee for the initiation fee became fixed at the time of his application to Little Rock Country Club. From that decision, comes this appeal.

For reversal, appellant contends that the trial judge erred in concluding that the obligation to reimburse appellee for the initia-

tion fee accrued upon appellee's application for membership to the Little Rock Country Club. We agree, and we reverse and remand.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Cottrell v. Cottrell*, 332 Ark. 352, 965 S.W.2d 129 (1998). The issue in the present case turns on the interpretation of a written agreement. A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Singh v. Riley's, Inc.*, 46 Ark. App. 223, 878 S.W.2d 422 (1994). Our examination of that agreement leads us to conclude that it is unambiguous; therefore, its construction is a question of law for the court. *Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Hampton Road, Inc. v. Miller*, 18 Ark. App. 9, 708 S.W.2d 98 (1986). Different clauses of a contract must be read together and the contract construed so that all of its parts harmonize, if that is at all possible. *Pate v. U.S. Fidelity and Guaranty Co.*, 14 Ark. App. 133, 685 S.W.2d 530 (1985). The intention of the parties is to be gathered not from particular words and phrases but from the whole context of the agreement. *Id.*

The employment agreement at issue in the present case provides, in pertinent part, that:

> The terms and conditions of your at will employment are reflected below:
>
> ### COMPENSATION
>
> • Base Salary:      $20,000 monthly (annual equivalent: $240,000)
>
> • Car Allowance:      $800.00 monthly plus mileage reimbursement for business-related trips outside a 25 mile radius

- Country Club Membership:

  Reimbursement via payroll of membership dues at Chenal Country Club; reimbursement of appropriate, business-related expenses via Accounts Payable. Upon acceptance of your application for membership at the Little Rock Country Club, WBC will reimburse you for the Initiation Fee; membership dues; and appropriate business-related expenses. In addition, concurrent with commencement of your Little Rock Country Club membership, you will reimburse WBC for the transfer fee related to the Chenal membership and will discontinue such membership.

  . . . .

## CHANGE-OF-CONTROL: SEVERANCE BENEFITS

In the event of a change-of-control which results in your termination within one (1) year of your effective date of employment, you will be entitled to receipt of the minimum executive severance benefit of twenty-four weeks of compensation. Such severance benefits, as well as the determination of "change-of-control" and resulting termination, shall be subject to and defined by the Worthen Banking Corporation Employee Protection Plan (EPP). Should a change-of-control and resulting termination occur subsequent to one (1) year of Worthen Banking Corporation service, you will receive severance benefits per the EPP or other established Severance Plan for WBC Executives in effect at the time of termination.

## RELOCATION

. . . .

- *Expenses for locating new residence:*

  . . . .

- *Temporary living expenses:*

  . . . .

- *New residence purchase assistance:*

  . . . .

- *Sale of former residence:*

  . . . .

- *Physical Move:*

. . . .

■ ■ A review of the entire agreement shows that there were three pertinent sections dealing with payments to be made to appellee, and that these sections bear a logical relation to the time when the employer's duty to make these payments would arise. The benefits enumerated under the "relocation" section of the agreement were clearly designed to secure appellee's presence in Little Rock and thereby permit him to perform the duties of his employment; consequently, it follows that the employer's duty to make payments under this section would accrue immediately upon appellee's acceptance of employment. The benefits listed under the "severance" section of the agreement were, by their terms, to be payable only following appellee's termination. It is equally clear that the benefits comprising the "compensation" section of the agreement were those benefits that the employer would be obligated to pay so long as appellee remained employed by the corporation. Reimbursement of appellee's country club expenses was provided for in this section of the agreement, as were appellee's salary and other items to be disbursed through the employer's payroll. The parties agree that appellee was an employee at will. The right of an employee at will to compensation generally rests upon the performance of services and, upon termination of the employment, the employer has no duty to pay future wages. *See Tumblin v. Gratech Corp.*, 448 So.2d 179 (La. Ct. App. 1984). Were we to adopt a contrary view, it would follow that the employer would be obligated not only to reimburse appellee for the initiation fee (an expense incurred nearly two years after the termination of his employment), but would also be obligated in perpetuity to reimburse appellee for his annual membership dues. We hold that, under the terms of the agreement, appellant's obligation to reimburse appellee for the initiation fee would accrue only if appellee remained employed at the time appellee's application was accepted. Consequently, we reverse and remand for further consistent proceedings.

Reversed and remanded.

BIRD and ROGERS, JJ., agree.