Michael KANNING and Cheryl Kanning *v.*
ALLSTATE INSURANCE COMPANIES

CA 98-1194                    992 S.W.2d 831

Court of Appeals of Arkansas
Division IV
Opinion delivered June 23, 1999

*McKinnon Law Firm*, by: *Laura J. McKinnon*, for appellants.

*Benson, Robinson & Wood, P.L.C.*, by: *Brian Wood* and *Joe Benson*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Michael Kanning, was injured on May 29, 1994, when his automobile was struck from behind by another vehicle. The accident was caused by the negligence of the driver of the other vehicle. Appellants[1] ultimately settled with the negligent driver's insurance carrier, Preferred Risk, for its policy limits of $50,000. Appellants had their own policy of insurance with appellee Allstate covering three separate vehicles; each vehicle had underinsured motorists coverage in the amount of $50,000. Having sustained damages in excess of the $50,000 limit of the negligent driver's policy, appellants made demand upon Allstate for payment of $150,000. Appellants' demand for $150,000 was based on their theory that they were entitled to the underinsured motorists coverage limits of $50,000 for each of the three vehicles covered by the policy because the policy language prohibiting the stacking of the underinsured motorists coverage was ambiguous. Allstate refused the demand, asserting that the policy prohibited stacking the underinsured motorists coverage of the three vehicles. Appellants filed suit, alleging that Allstate had breached the insurance contract by rejecting their claim for underinsured motorists coverage benefits. The trial court ruled that the language of the insurance policy was not ambiguous and that the anti-stacking provisions effectively limited Allstate's liability to the $50,000 in underinsured motorists coverage applicable to the insured vehicle involved in the accident. From that decision, comes this appeal.

For reversal, appellants contend that the trial judge erred in not allowing stacking of the underinsured motorists coverage. We find no error, and we affirm.

■ Arkansas Code Annotated Section 23-89-209 (Supp. 1997) provides, in pertinent part, that:

(a)(1) No private passenger automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state shall be delivered or issued in this state or issued as to any private passenger automobile principally garaged in this state unless the insured has the opportunity, which

---

[1] Michael Kanning's claim was based on his bodily injuries. The claim of his wife, Cheryl Kanning, was based on loss of consortium and services.

he may reject in writing, to purchase underinsured motorist coverage.

\* \* \* \*

(3) The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which the insured is legally entitled to recover from the owner or operator of another motor vehicle whenever the liability insurance limits of such other owner or operator are less than the amount of the damages incurred by the insured.

This statute mandates that a minimum of $25,000 underinsured coverage be offered for each automobile. *Ross v. United Services Automobile Association*, 320 Ark. 604, 899 S.W.2d 53 (1995). Although stacking of these coverages is not prohibited by the statute, it may be precluded by an applicable anti-stacking clause in the policy. *See Ross v. United Services Automobile Association, supra; State Farm Fire & Casualty Co. v. Amos*, 32 Ark. App. 164, 798 S.W.2d 440 (1990). Therefore, the key question in the present case is whether the policy effectively prohibited the stacking of underinsured motorists coverage.

Appellants contend that the present case is indistinguishable from *Ross v. United Services Automobile Association, supra*, where it was held that the insured in that case was permitted to stack the underinsured motorists coverage for each insured automobile. That holding, however, was premised on the supreme court's conclusion that the policy in question contained no effective anti-stacking provision. Although the insurer in *Ross* had included an anti-stacking clause in the policy, that clause was held to be ineffective under the circumstances of *Ross* because it merely prohibited "the stacking of *policies*, and not the stacking of *cars* within the policy." 320 Ark. at 610, 899 S.W.2d at 56 (emphasis in the original).

The automobile policy in the case at bar included a declarations page listing three specific automobiles, including the automobile involved in the accident, and stating that the limit for underinsured motorist bodily injury was $50,000 for each person. The policy provided, in pertinent part, that:

*Combining Limits Of Two Or More Autos Prohibited*

If *you* have two or more *autos* insured in *your* name and one of these *autos* is involved in an accident, only the coverage limits shown on the declarations page for that *auto* will apply. When *you* have two or more *autos* insured in *your* name and none of them is involved in the accident, *you* may choose any single *auto* shown on the declarations page and the coverage limits applicable to that *auto* will apply.

The limits available for any other *auto* covered by the policy will not be added to the coverage for the involved or chosen *auto*.

\* \* \* \*

*Part V —    Uninsured Motorists Insurance —Coverage SS*
*Underinsured Motorists Insurance — Coverage SU*

\* \* \* \*

If a limit of liability is shown on *your* declarations page for Coverage SU, *we* will pay all damages that an insured person is legally entitled to recover from the owner or operator of an underinsured auto because of *bodily injury* sustained by an insured person.

\* \* \* \*

*Limits of Liability*

1. The coverage limit shown on the declarations page for:

    a. "each person" is the maximum that *we* will pay for all damages arising out of *bodily injury* to one person in any one *motor vehicle* accident, including all damages sustained by anyone else as result of that *bodily injury*.

\* \* \* \*

2. These limits are the maximum *Allstate* will pay for any one *motor vehicle* accident regardless of the number of:

    a. claims made;
    b. vehicles or persons shown on the declarations page;
    c. vehicles involved in the accident.

■■ Appellant argues that these provisions are ambiguous, and that the policy should therefore be construed against the insurer. We do not agree. The initial determination of the existence of an ambiguity rests with the court and, when a contract is

unambiguous, its construction is a question of law for the court. *Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Boatmen's Arkansas, Inc. v. Farmer*, 66 Ark. App. 240, 989 S.W.2d 557 (1999). Unlike the policy at issue in *Ross, supra*, the policy in the case at bar plainly and expressly prohibits "the stacking of *cars* within the policy." *Id.* at 610. We think that the only reasonable construction of the terms of the policy in the present case is that it prohibits the stacking of underinsured motorists coverage of the three insured vehicles, and we hold that the trial court did not err in so ruling.

■ Appellant also argues that, ambiguous or not, policy language purporting to disallow stacking is contrary to public policy and should not be enforced. We do not reach the merits of this argument because appellant's abstract does not show that the public-policy issue was raised below or ruled on by the trial court. It is well settled that the appellant bears the burden of producing an abstract sufficient for appellate review, and where the abstract does not reflect that the argument was made in the trial court, we will not reach the merits of the argument on appeal. *K.M. v. State*, 335 Ark. 85, 983 S.W.2d 93 (1998); *Anderson v. Holliday*, 65 Ark. App. 165, 986 S.W.2d 116 (1999).

Affirmed.

ROAF and HART, JJ., agree.