Robert J. Gladwin, Judge, dissenting.
The trial court properly granted summary judgment in favor of appellee Marvin Henry Maurras. Therefore, I dissent from the majority opinion.
Appellant's argument that the trial court erred in granting summary judgment in favor of appellee falls under a de novo standard of review. Travelers Cas. & Sur. Co. of Am. v. Cummins Mid-S., LLC , 2015 Ark. App. 229, 460 S.W.3d 308.
The basis for appellee's claim was a loan agreement contained in the minutes of a December 11, 2009 shareholder meeting. Despite the majority's holding to the contrary, the terms of the agreement are straightforward and unambiguous, providing that the shareholders would loan appellant the sum of $150,000 with an interest rate of five percent per annum:
Company Funding-Based on suggestion of accountant all agree that funding of the company should take place as loans to the company, excluding the initial $25,000 by each partner which will be a capital contribution. The remaining $150,000 of required funding by each partner as stated in the Operating Agreement will be held as a liability of the company which will be repaid to each partner. The loans will accrue interest at an annual rate of 5%. MK and SD will be repaid their principal only at a rate of $5,000 monthly and MM and CM agree to defer loan repayment for now.[8] This will replace the funding descriptions as detailed in the Operating Agreement.
As stated in the agreement, two of the shareholders would be repaid their loans at the rate of $5,000 a month, and the other two shareholders, including appellee, would not be repaid monthly. The agreement was silent as to when appellee's loan would be paid. The long-established law in Arkansas is that a loan without a maturity date is payable on demand. See Maddox v. City of Fort Smith , 346 Ark. 209, 219, 56 S.W.3d 375, 382 (2001).
The trial court found the agreement unambiguous and rejected appellant's attempts to use extrinsic evidence to interpret the agreement. When a court finds a contract to be unambiguous, the court should examine its plain language and determine as a matter of law how to apply the contract. See Fryer v. Boyett , 64 Ark. App. 7, 978 S.W.2d 304 (1998). The trial court did exactly that and concluded that the loan was payable on demand.
Next, appellant contends that the loan was conditional-based entirely on extrinsic evidence. But the trial court correctly construed the loan agreement based on its plain and unambiguous terms. The following exchange with appellant's counsel at the hearing on the motions for summary judgment reflects the trial court's perspective:
*611 THE COURT : Well, let me ask you something. Even without those minutes, Defendant [appellant] has agreed that the amount given-well, the $150,000 amount was a loan from [appellee] to the company?
MR. BURNETT : That's correct.
THE COURT : And [appellant] has acknowledged that the interest rate was five percent?
MR. BURNETT : That is correct, Your Honor.
THE COURT : Okay. And that there was no maturity date specified in the loan?
MR. BURNETT : That's correct. That's where we are. I think [counsel for appellee] hit the nail on the head when he said there is an issue with the due date. There has been no agreement as far as repayment of the loan and the due date.
THE COURT : Okay. You admit that demand has been made for repayment.
MR. BURNETT : Your honor, I admit that demand has been made, but the demand is improper is where I'm coming from....
After listening to further arguments presented by appellant's attorney, the trial court stated:
THE COURT : All right. So the only real dispute here is-between the two sides-is when the loan repayment was to be made?
MR. BURNETT : As far as-yes, Your Honor. I think it's the due date. I mean, I think that's-you know, I'm understanding what [counsel for appellee] is arguing, and I think the due date, the "for now" language is what the Court needs to interpret.
THE COURT : Okay. And there is nothing in the minutes or anything else that you can provide that indicates when the loan was to be repaid?
MR. BURNETT : Your Honor, no....
THE COURT : Okay. And when an agreement to repay a loan doesn't state when it is to be repaid, then the Court applies the law to it. And if there is no maturity date, there are plenty of cases that hold that the loan is payable on demand.
The trial court subsequently entered summary judgment for appellee.
The well-established law in Arkansas is that "[w]here no time is set for the payment of a debt, the debt is in law payable on demand." Maddox , 346 Ark. at 219, 56 S.W.3d at 382. And a debt that is payable on demand "is due immediately, so that an action can be brought at any time, without any other demand than the suit." Id.
Appellant argues that the trial court's interpretation of the terms of the loan was in error because the loan was not actually due on demand, but only after a majority of appellant's shareholders voted to repay it. Appellant's proposed interpretation is based on extrinsic evidence. Appellant attempts to prove that the words "for now" constitute a "condition precedent." Under appellant's interpretation, it receives the proceeds from the loan and then decides by majority vote (leaving out, of course, the lending shareholder, appellee) if and when the loan is to be repaid. There is no foundation for that analysis either evidentiary, common sense, or otherwise. The words "for now" cannot be read as "when two of us decide," because under that scenario, appellee might never be repaid.
Words in a contract should be accorded their plain and ordinary meaning, see Wal-Mart Stores, Inc. v. Coughlin , 369 Ark. 365, 255 S.W.3d 424 (2007). I agree that the trial court was correct to find that "for now" does not mean "forever" or "until appellant decides to pay the debt." Demand for payment was made by appellee *612 four years after the loan had been made. In this regard, the trial court raised the critical question at the hearing: "If not now, when?"-to which appellant replied, "[T]hat is not the company's problem."
The language does not create a maturity date and cannot arguably be read to preclude repayment of a loan made four years earlier. The language has no hidden meaning and simply contrasts the fact that two shareholders were going to be immediately repaid at $5,000 a month and two shareholders (including appellee) were not.
The language does not impart any maturity date to appellee's loan or create any unstated requirement that a majority of the shareholders will decide whether or when to repay the loan. Nothing in the minutes suggests such an interpretation, and even appellant concedes that its interpretation is not evident from the agreement's express terms. In making this decision, the trial court asked the key and overriding question: "Where does [the agreement] say, 'We are not repaying until there is a vote?' "
Under Arkansas law, a court may not resort to the use of extrinsic evidence unless the contract is ambiguous. Green v. Ferguson , 263 Ark. 601, 567 S.W.2d 89 (1978) (holding that even though there was conflicting verbal evidence interpreting the intent of the parties, it cannot alter the unambiguous language of the written contract). The initial determination of an ambiguity rests with the trial court. Fryer , supra. When a contract is unambiguous, its construction is a question of law for the court. Id. Appellant would also have to show that its interpretation is as reasonable as the trial court's interpretation. See Fryer , 64 Ark. App. at 11, 978 S.W.2d at 306.
In Fryer , this court addressed the significance of presenting an equally reasonable interpretation as opposed to an interpretation that is merely possible. In finding the contracts to be unambiguous, the trial court did not consider the principals' extrinsic evidence. Id. at 10-11, 978 S.W.2d at 306. We affirmed. Id. at 11, 978 S.W.2d at 306. Although conceding that the contracts were "subject to differing constructions," this court held that the differing constructions were not "equally reasonable ones." Id. This court agreed that the sales representative's construction was the more reasonable construction. According to this court, the trial court was correct to find that the contracts were unambiguous and thus limit its analysis to their express terms. Id.
Appellant cites Thomas v. American Radio & Television , 228 Ark. 1050, 1051, 312 S.W.2d 183, 184 (1958), in which the note took the form of the following resolution:
On motion made and duly seconded and unanimously carried, it was resolved that an accrual be set up on the books for John D. Reid to set up the difference between $30,000 per year and $13,000 per year beginning November 20, 1950 to be payable to him by virtue of his special training, education and experience in the electronic field. This is to be payable to him when the company is in a position to do so, the time to be decided at a later date.
The condition was evident from the express terms of the agreement. In Thomas , the lender knowingly, specifically, and unequivocally agreed to be repaid when the "company was in a position to do so."
Here, appellee never agreed-either explicitly or implicitly-to be repaid when the other shareholders decide to repay the loan. Appellee never agreed that repayment of his $150,000 loan would be left to the whim of the other shareholders. Appellant's interpretation of the agreement would lead to an absurd result. No lender would ever agree to be repaid at a borrower's sole discretion. At the time appellee *613 made the loan, appellant had four shareholders. Under appellant's interpretation, appellee supposedly tied repayment of his loan to the sole and absolute discretion of two shareholders and risked the possibility of the loan never being repaid. If the parties had truly intended to give appellant complete discretion in deciding to pay back the loan, as argued by appellant, then they would surely have-or at least should have-made that a clear and conspicuous term in the loan agreement.
Appellant's third point on appeal is that "summary judgment was improper ... because there is a genuine issue of material fact in dispute if appellee's legal theory is followed." Appellant submits that the factual dispute is whether there is extrinsic evidence that shows that the parties placed conditions on the loan. However, once the trial court found that the terms of the loan agreement were all it needed to decide the issues before it, there could be no question of fact. The trial court applied the express terms of the agreement and correctly entered summary judgment in favor of appellee. See Hammerhead Contracting & Dev., LLC v. Ladd , 2016 Ark. 162, 489 S.W.3d 654.
The facts are undisputed, and the law is settled. Appellee loaned $150,000 to appellant, and appellant accepted and received the proceeds of such loan. The parties did not specify a maturity date in the loan. As a result, the loan was payable on demand. Because the trial court thoroughly and correctly analyzed the terms of the loan agreement and ruled that it must be paid pursuant to its express terms, the trial court's judgment and award of fees should be affirmed.
Glover, J., joins.

"For" is used to indicate amount, extent, or duration, and "now" means at the present time, at once, or immediately. See Riverside Webster's II New College Dictionary , 436, 749 (2nd ed. 1995).